Nos. 8681 and 8718.

THE STATE OF LOUISIANA EX REL. WOODWARD, SHERIFF, VS. W. C. CHAPMAN.

THE STATE OF LOUISIANA VS. L. E. GENERELLY.

Revenue Act 4, Sec. 12, p. 90, 2d Ex. Sess. of 1881 is constitutional. Persons employed by a principal who has paid his license, and who do no business on their personal account, whose services, rendered within the State, are exclusively devoted to and enumerated by such principal, are "*clerks*" within the immunity of Article 206 of the Constitution, and therefore exempt from paying the license exacted from "travelling agents" under the said Act.

APPEALS from the Justice Ward's Court, Fifth Ward, Parish of East Feliciana. And from the Fourth City Court of New Orleans.

*John McEnery* and *W. B. Sommerville* for Plaintiff and Appellee.

*Saml. P. Blanc* and *I. H. Stauffer, Jr.* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. These cases present the same question, and were argued and submitted together. The defendant in each case is an employee of Stauffer, Macready & Co. of New Orleans, and the object of the suits is the collection of fifty dollars from each of the defendants for license tax as a travelling agent of that firm. The law imposing this tax reads:

"All travelling agents of this or other States or countries, offering any species of merchandise for sale, or selling the same, shall, if representing one house, firm or business, pay a license of fifty dollars per annum. If representing two houses, firms or business, shall pay a license of seventy-five dollars per annum." Acts 1881, 2 Ex. Sess., p. 90.

The proceedings were summary under Secs. 12 and 17 of that Act, and exception was made to them for unconstitutionality because the title of the Act does not express that mode of remedy as its object. The title is, " an Act to levy, collect, and enforce payment of an annual license upon all persons  *  *  pursuing any  *  *  vocation, calling or business, except," etc.

This covers any mode of enforcing payment whether summary or otherwise. The title of an Act can only indicate the general subject of the law by some concise expression, sufficient to indicate the chief matter, to which the details in the body of the Act are auxiliary. The design of the constitutional provision is to prevent the legislature uniting in one Act objects which have no necessary or natural connec‧ tion with each other. It cannot be said that the imposition of a tax and the provision to enforce its payment have no necessary or natural connection. Municipality vs. Michoud, 8 Ann. 605 ; Stale vs. Waples, 12 Ann. 343 ; Slack vs, Ray, 26 Ann. 675 ; Shreveport vs. Jones, Idem, 708.

The constitutionality of Secs. 12 and 13 is attacked on the ground that the license is not graduated, and that the latter section has a separate object, distinct from the other parts of the Act, viz : confer‧ ring on municipal and parochial bodies the right to. impose license taxes on any business or profession. This provision does not affect either of the defendants. No municipal or parochial tax is demanded of either of them. It will be time enough to consider the unconstitu‧ tionality of that section when a defendant, who is affected by it, shall present the question. If that section be null, the other parts of the Act are not thereby invalidated. Williams vs. Payson, 14 Ann. 7 ; Moore vs. New Orleans, 32 Ann. 726.

The Constitution, Art. 206, does not prescribe any mode of gradu‧ ating a license tax. On the contrary, it authorizes different modes in certain cases. Art. 217. The mode adopted must necessarily be prac‧ ticable. The defendant, as the record shews, does not keep books from which the amount of his sales can be ascertained, and the impo‧ sition of a specific sum—fifty dollars, if he represents one house, seventy-five dollars if he represents two or more—is the only practi‧ cable mode, and is a compliance with the constitutional requirement. Peddlers and transient dealers are commonly taxed a specific sum by the year because they are likely to escape any other. Cooley's Taxa‧ tion, 390.

. The legality of the tax is contested on the ground that the defend‧ ant is a clerk, and therefore exempt, Const. Art. 206, and that his em‧ ployers have paid all the licenses required of them, and cannot legally be compelled to pay another through him. These employers exhibit receipts for their licenses, and it is uncontested that the defendant is

employed at a regular stated monthly salary. In each case the defendant has sold goods outside of New Orleans as travelling salesman for his firm.

Sundry definitions of clerk are given us. The word, as designating an occupation or business, must be understood in its ordinary acceptation, and that is, not a writer or one performing clerical functions only, but a salesman in a store or shop as well. The Act in question uses it in this latter sense.

The business of travelling agent is quite distinct from that of clerk. It has sprung up in comparatively recent times, and is one of the recognized needs of modern trade. The English call such person a commercial traveller, the French *commis voyageur*. Americans, with characteristic aptitude for nomenclature, call him a drummer.

The defendant travels through the country, solicits orders, sells goods, by sample or otherwise, transmits the orders to his employers who fill them as he has agreed. If one were asked to say what sort of business was that of drummer, he would describe it in this, or other language of like import. The real question then is, not whether a clerk is *eo nomine* exempt from license tax, for of that there can be no doubt, but whether the tax on a drummer can be evaded by his calling himself clerk, and accepting a fixed salary instead of commissions on sales, or other varying compensation. It does not appear what is the usual mode of paying drummers, and we apprehend there is not an invariable mode. The business of clerk is not distinguishable from that of drummer by the manner of compensation.

The counsel for the defendant argue that a firm might send letters out to accomplish the increase of trade which is done by an employee such as the defendant, and that he is only an " animated letter." A sufficient answer is that the legislature have imposed a license tax on these " animated letters " under the name of travelling agents. A firm, if it so please, can rely on correspondence alone for enlarging its business, but if it adopts this modern method of drumming as the more effective, the drummer becomes liable for the tax. It is his business that is taxed, and the business is so peculiar and distinctive that it cannot be mistaken for that of clerk. No one seeking employment from a firm as drummer would ever think of saying he wanted to be clerk, and *vice versa*. Every business man would understand instantly, if employment as a clerk was sought, that the applicant was not offering to travel and solicit orders, as the defendant does ; and if he was employed as clerk, and his employers change him into a drummer, and he serves them as drummer, he becomes liable for the tax upon that occupation.

The judgments are affirmed.

### DISSENTING OPINION.

FENNER, J. I cannot assent to the opinion and decree herein.

Under Article 206 of the Constitution, "clerks" are expressly exempted from liability to a license tax.

From the admissions in the record it appears that defendant is an employee of Stauffer, Macready & Co., at a regular monthly salary, and having no other business or employment; that his duties consist in selling goods in and out of the store, in taking care of stock, in filling orders and performing other clerical duties, acting as a travelling salesman, selling goods in the State, in and out of the City of New Orleans, and soliciting orders throughout the State for said firm.

· It is fairly and distinctly inferable that he is employed by the firm as a salesman generally, obeying the orders of his employers, selling in the store or out of the store, in the City or out of the City, as they direct.

Such an employee is a "clerk" within the intendment of the Constitution.

Webster defines a *clerk* as "an assistant in a shop or store, who sells goods, keeps accounts, etc."

Worcester defines it to be one employed as an assistant "in a public or private office; a subordinate or an assistant in the store or shop of a retail trader."

Bouvier defines it, "a person in the employ of a merchant who attends only to a part of his business, while the merchant himself superintends the whole."

This Court held that one employed by another to travel throughout the State, procuring information for maps, getting subscribers and selling maps, etc., and who received a regular salary, was a *clerk.* Colley vs. Labourette, 7 An. 222.

The obvious intention of the Constitution was to recognize the fact that persons pursuing business and callings and paying license for such privilege, had need of assistants or clerks to aid them in their business, and to distinguish between such principal and their assistants and to exempt the latter from license taxation.

Stauffer, Macready & Co. held unqualified licenses from the State to pursue the occupations of wholesale and retail dealers, during the year 1882, for which they paid three hundred and twenty-five dollars.

So far as the State is concerned, they had the right to sell anywhere in the State, and to employ assistants in selling.

Such assistants, whose character as *clerks*, while selling goods in the store, would be disputed by no one, do not lose that character when, in obedience to the orders of their principals, they go to sell in the country. Such selling is not the selling of the clerk, but the selling

of Stauffer, Macready & Co., who have already been licensed by the State so to sell, and have paid for that privilege.

The legislature, denied by the Constitution the right to impose a license tax upon such a clerk, cannot acquire that right by simply calling him a "travelling agent."

Every clerk is necessarily an agent; but there exists a large class of agents who are not clerks, and who are, therefore, taxable. Such are the various kinds of factors, brokers, and dealers on commission, insurance agents, etc., persons whose business and whose time are their own, who labor at their own will, under their own control, and whose pay is measured by the efficiency and extent of their work. Such agents, whether dealing in the goods of one or of several firms, are not clerks and are taxable.

But the employee who hires his time for a fixed salary to his principal, whose whole time belongs to that principal, whose duties consist in performing under orders the business which that principal is licensed to do, is a clerk and not taxable.

Perhaps the travelling salesman of an unlicensed firm, whether resident or non-resident, however paid and however employed, would stand on a different footing, because as his principals would have no right to sell without a license, he might be debarred, on familiar principles, from holding up their authority and orders as his protection.

As I am satisfied the legislature had no power to tax a clerk like the defendant, so I am equally clear that such was not the legislative intent.

The law did not design to handicap and paralyze the enterprise of licensed dealers by vexatious taxation on their salaried employees. Such an interpretation is hostile to the spirit of commerce and the policy of the State, which are to encourage our merchants, once licensed to do business, to reach out for trade in every direction, and not to make the four walls of a store a dungeon within which their energies must wither and their trade rot and die away.

Poché, J., concurs in this opinion.

---

### ON REHEARING.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The employment of a person exclusively by another at a fixed salary, is not the test to be applied to determine whether such person is or not a "clerk," within the meaning of Article 206 of the Constitution.

A bookkeeper is certainly a clerk, yet one may be the bookkeeper of more than one patron or employer.

Clerks are not invariably remunerated by a fixed salary. Some are

compensated by a percentage on the amount of business which they do for their patron, and even are allowed to participate in the profits of the concern.

Clerks are no doubt agents, but their powers are brief and are generally restricted to the local business stand. Travelling agents are not clerks, for they go out and do business outside of the stand, beyond the limits of a city or parish, even of a State, in which their principals have their establishments. Because a travelling agent does business for one person or firm only and for a fixed compensation, he does not thereby become a clerk. · If he were not on that account, then a travelling agent doing business for several persons or firms, should be considered as a clerk for each and could never be made to pay the license to which the State intended to subject such agents, whether residents or not. Then again, clerks could be travelling agents and travelling agents could be clerks.

There certainly exists a difference between the calling of a clerk and that of a travelling agent, which prevents the one from being the other at the same time, in relation to the same patron. The names or terms are not convertible.

It cannot he presumed that the legislature intended to exact a license from persons exempted from such by the organic law. The contrary should be assumed, that those only were intended to be taxed who were not exempt from taxation by the Constitution. It is clear that the legislature designed to discriminate between clerks and travelling agents.

The action and determination of the Court in Colley vs. Labourette, 7 An. 222, in which the plaintiff, employed by a maker and vendor of maps, in procuring information for his maps, getting subscribers and selling the maps, etc., was treated as a *clerk*, is no guide for a proper definition of the work clerk. The Court guardedly said : " His employments were much the aspect of agencies, but the District Court, the counsel of the parties and the witness to his original employment have regarded him as a clerk, and we see no sufficient reason to take a different view of his employment."

The definitions contained in Webster and Bouvier, previously given, are correct as far as they go ; but are not sufficiently comprehensive.

In the investigation made of the merits of this case, little or no assistance was derived from the jurisprudence, within reach, of other States or England. Research was prosecuted further. That system was consulted successfully from which ours emanates. There is found, what can be considered a full and complete definition of the word *clerk*, from a commercial standpoint :

"En matière commerciale le commis proprement dit est un véritable préposé d'un commerçant." Dict. Gén. Raisonné, Ed. Brux. 1836, verbo Commis, p. 162.

"On distingue en outre habituellement parmi les commis proprement dits : les commis sédentaires qui exercent leurs fonctions au siége même de l'établissement auquel ils sont attachés et les *commis voyageurs*, qui parcourent diverses provinces afin de faire des achats et des ventes pour le compte de la maison qui les emploie. Toutefois l'expression *commis* se prend souvent dans un sens générique et s'applique à tous les préposés d'un commerçant. Tous les commis quelles que soient leurs fonctions sont les mandataires des commerçants auxquels ils ont loué leurs services." Goujet & Merger, Dr. Com., verbo Commis, p. 134.

"Il (le commis) prend le nom de *commis voyageur* si au lieu d'être préposé à un établissement, il est chargé de vendre, acheter, prendre ou offrir des commissions." Dict. Gén. Raisonné, verbo Commis, p. 162.

"Un commerçant dont le commerce est étendu et détaillé, a nécessairement un grand nombre d'employés sous des noms divers, dont les plus connus sont *commis, caissiers*, etc." Pardessus, Dr. Com. vol. 1, p. 42.

"Les appointements ou salaires des commis sont fixés a l'année, au mois, ou à la journée."

"Lorsqu'un commerçant au lieu de donner des appointements fixés à un de ses employés lui promet une part quelconque de ses bénéfices annuels, *ce commis* est locateur de ses services sans condition aléatoire." Pardessus, Dr. Com., vol. 3. p. 4.

Le commis voyageur est le "*commis* chargé de représenter la maison de commerce qui l'emploie de vendre les marchandises de cette maison, ou de faire des actes dont cette maison a besoin dans les lieux ou elle le fait voyager.

"Les commis voyageurs sont soumis aux même règles que les *autres commis* pour ce qui concerne leurs rapports avec leur patron ou avec les tiers." Répertoire J. P., verbo Commis Voyageur, p. 639 ; Goujet & Merger, verbo C. V., pp. 139, 140.

"Les commis agissent toujours au nom de leurs patrons et étant aux gages exclusifs des négociants qui les emploient, *diffèrent du courtier* et du commissionnaire qui agissent en leur nom personnel et pour le compte de tous ceux qui veulent recourir à leur ministère." Pardessus, Dr. Com., vol. 1, No. 38 ; Goujet & Merger, verbo Commis, No. 8.

From all the foregoing authorities it clearly results, that a clerk can well be employed without ceasing to be such, as a travelling clerk, under the circumstances in which the defendants have acted.

It is unnecessary that an express or formal authoritative definition of the word " clerk " be now given. It is more prudent and, therefore, better to abstain therefrom, and simply to say that the defendants are clerks within the meaning of the commercial law, and that as they represent employers who have paid their license, they are shielded from taxation under the shape of a license on them as travelling agents.   .

A different interpretation of the word " *clerk* " in the Constitution, and of the words " travelling agents " in the Revenue Statute, would lead to hardships which certainly were not in legislative contempla- tion when the law was adopted, viz: in requiring from a travelling clerk a license, when one had already been paid by his employer or principal, who, if himself travelling, would have to pay no other, and in exacting from such resident employee a license for each parish, while the non-resident agent would be demanded one only, for the same amount, and be authorized to operate in every parish throughout the State.

With such hardships we have strictly, however, nothing to do.   We are well mindful of the wise provision of the Code, that the dictinc- tion of laws into odious laws and laws entitled to favor, with a view of narrowing or extending their construction, cannot be made by those whose duty it is to interpret them.

Travelling clerks are not travelling agents, in the sense of Act No. 4 of 1881.

Before concluding, we think it is our duty to say that we are satisfied that the words " travelling agent " were inserted in the revenue law in question to obviate a fatal discrimination which we ourselves had found to exist and which provoked our decision in McGuire vs. Parker, reported in 32 An. p. 832.

We add, that we adhere to our previous opinion in the present suit, so far as it declares the Act constitutional.

Our interpretation of that word in the present case is far from writing it out of the revenue law.   We have only expounded its meaning, purport and object, leaving it, as· inserted in the statute, altogether untouched.

.The words " travelling agent," found in the law in question, were intended to apply, not to travelling clerks, but to all commercial agents, brokers, or intermediaries, residents or not, who do business as general agents on their own account; who negotiate matters for who- ever employs them ; whose services are not devoted exclusively to the interest of any one in particular; who may act as the common mandatory of two or more parties, and who receives such compensa- tion as may be agreed upon.

Persons who represent parties who have not paid a license, though

they might be otherwise classed as "*clerks*" would not, however, be permitted to set up such capacity to resist payment of a license as travelling agent, because they would be engaged in doing, *without a license*, that which their principals could have no right to do without such license. Such agency could be, in such a case, no protection to them. R. C. C. 3016; Pardessus Dr. Com. vol. 1, p. 38; Goujet & Merger, verbo Commis Voyageur, No. 8.

It is, therefore, ordered that the decree herein previously made be set aside and that the judgments appealed from be reversed, and that judgment be now rendered in favor of the defendants in each case, with costs in both Courts.

Justices Poché and Fenner concur in the decree, for the reasons given in their original opinion and for the reasons stated in the present opinion, not inconsistent with the former.

Justices Todd and Manning dissent, adhering to their original opinion.