The judgment appealed from is accordingly affirmed.

LECHE, J., takes no part.

———

(76 South. 219)

No. 22448.

BALLARD, Sheriff and Tax Collector, v. GOLDSBY.

(June 11, 1917.)

*(Syllabus by the Court.)*

DRUGGISTS ⬤—4 — LICENSE TAXES — IMPOSITION.

In the absence of any more specific provision than is contained in the existing law, a license to conduct a drug store not only carries with it the right, but imposes upon the licensee the obligation, to conduct it according to law, which means that he must employ a registered pharmacist, and, as the person so employed merely assists in conducting the business of another, who pays the license therefor, and who is not only authorized, but required, to employ him, he owes no license as for a business or profession carried on for himself.

Appeal from Third Justice's Court, Parish of Tangipahoa; George H. Burnham, Justice.

Action by John A. Ballard, Sheriff and Tax Collector, against Joseph H. Goldsby. From judgment for plaintiff, defendant appeals. Annulled, and judgment rendered for defendant.

Purser & Magruder, of Amite, for appellant. Clay Elliott and M. J. Allen, Dist. Atty., both of Amite, for appellee.

### Statement of the Case.

MONROE, C. J. The public accountant, proceeding under the authority of Act 198 of 1914, p. 380, reported to the tax collector of the parish of Tangipahoa that none of the pharmacists of the parish had paid state licenses for the three preceding years, and, as they declined to pay, on his demand, it was agreed that the question of their liability should be tested in this suit, which was decided in favor of the plaintiff upon a statement of facts to the following effect, to wit: That defendant holds a certificate and license as a pharmacist from the state board of pharmacy, and pays $1 per annum for its renewal; that he is employed in that capacity in the drug store operated by the estate of G. F. Goldsby, at a salary of $75 per month, and that all of his services as pharmacist are rendered in that employment and for that salary; that, as heir of his deceased father, he has an interest to the extent of one-fifth of one-half in the store and business; that the estate of Goldsby pays a state and a municipal license for operating the drug store and a state and a municipal license for operating a soda fountain, and a license to the United States, as required by the Harrison

Narcotic Act; that defendant has paid no license as pharmacist, and it is conceded that the estate of Goldsby has paid no such license, save as included in its druggist's license.

## Opinion.

·The contention of the plaintiff is that, under article 229 of the Constitution of 1898, "All persons * * * pursuing any trade, profession, business or calling may be rendered liable to such [license] tax, except clerks, laborers, clergymen, school teachers, those engaged in mechanical, agricultural, horticultural and mining pursuits, and manufacturers other than those of distilled, alcoholic, or malt liquors, tobacco, cigars and cotton seed oil"; that pharmacists are not among the classes thus exempted, and hence may be rendered liable for the tax, and have been so rendered liable by sections 1, 2, and 3, and the concluding paragraph of section 14 of the general license law (being Act 171 of 1898, pp. 387, 416, as amended in part by Act 62 of 1906, p. 96). Section 1 of that law declares the levy of an annual license tax "upon each person * * * pursuing any trade, profession, vocation, calling or business, subject to licenses under article 229, of the Constitution." Section 2 makes it the duty of the tax collectors to collect the licenses, and sections 3 et seq. fix and grade the various licenses. Section 14 fixes and grades the licenses to be paid by "every individual or company carrying on the profession or business agency for steamboats, draying, trucking, keeping cabs carriages, hacks, or horses for hire, * * * master builders, stevedores, bill posters or tacking contractors, and mechanics who employ assistance," and, after dividing such licenses into 13 classes, concludes with the following paragraph, to wit:

"That every individual or individuals carrying on the business or profession of physician, attorney at law, editor, dentist, occulist, photographer, jeweler and all other business not herein provided for shall be graded the same as above set forth, but the license shall be one half of those established by this section, and provided no license shall be issued hereunder for less than five dollars."

Plaintiff's counsel argue that pharmacists are included in the language "all other business not herein provided for." The counsel agree that the vocation of pharmacy, or pharmaceutics, is a profession, rather than a business, and we are of that opinion, as "pharmacy" is defined as:

"3. Art or practice of preserving drugs, and of compounding and dispensing medicines according to prescriptions of physicians; the occupation of an apothecary or pharmaceutical chemist."

"Pharmaceutics" is defined as:

"The science of preparing, using or dispensing medicines."

And "profession" is defined as:

"3. That of which one professes knowledge; the occupation, if not purely commercial, mechanical, agricultural, or the like, to which one devotes one's self; a calling in which one professes to have acquired some special knowledge, used by way either of instructing, guiding, or advising others or of serving them in some art; calling; vocation; employment; as the profession of arms; the profession of chemist."

See Web. New Int. Dic.

Plaintiff's counsel contend, however, that "all other business not herein provided for" includes the profession of pharmacy. Defendant's counsel answer that the law is to be strictly construed, that the courts are not to impose a license tax where the lawmaker has imposed none, and that the failure of the lawmaker to impose such tax on pharmacists must be considered intentional, since, notwithstanding that a great deal of legislation has been enacted prescribing the conditions upon which they are to be allowed to practice, the nearing approach to the levying of such tax is to be found in the unauthorized inference which is drawn by the learned counsel for plaintiff. The premise relied on might perhaps, be broad enough, if the necessity existed, to sustain that position, but we prefer to rest our decision upon the following proposition upon which defendant's learned counsel also relies, to wit:

"That defendant is employed by a principal, who has paid his license; that he does no business on his personal account; that his services, rendered within the state, are exclusively devoted to, and remunerated by, his said principal; and that, though a professional man, he is a clerk, within the immunity of article 229 of the Constitution."

In State v. Chapman, 35 La. Ann. 75, the question presented was whether, under a law imposing a license tax upon "all traveling agents of this or other states or countries, offering any species of merchandise for sale, or selling the same, shall, if representing one house, firm or business, pay a license of $50 per annum; if representing two houses, firms or business, shall pay a license of $75 per annum," a person whose employer paid a license, who did no business on his personal account, and whose services were rendered within this state and exclusively to and prescribed by such employer, was a clerk, within the meaning of the exemption of the Constitution, or a "traveling agent," within the meaning of the statute. The court found some little difficulty in answering that question (no less than three opinions having been handed down), but a majority of the members finally concluded that the defendant was a clerk, and that, as his employer paid the license for the business, in which he was employed to assist, he owed no license therefor. And so we conclude with regard to the defendant now before the court. The General Assembly has declared it unlawful "for any other than a registered pharmacist to compound medicines, drugs or chemicals, or to institute or conduct any apothecary, or drug store, or pharmacy shop * * * or for any person [other than a registered pharmacist], to be employed therein, or placed in charge thereof, for the purpose of compounding drugs or chemicals under prescriptions or otherwise." Act 66 of 1888, p. 74. It has further provided that a person 21 years of age may become a registered pharmacist upon complying with certain requirements, and that a person 18 years of age shall be entitled to registration as a qualified assistant pharmacist upon complying with certain requirements, and that "a qualified assistant shall have the right to act as clerk or salesman in a drug store, and assume charge thereof for not more than 24 consecutive hours, during the absence of the registered pharmacist thereof." We take it, then, in the absence of any more specific provision on the subject, that a license to "conduct" a drug store not only carries with it the right, but imposes upon the licensee the obligation, to conduct it according to law, which means that he must employ a registered pharmacist (if he be not one himself) to compound and sell the drugs and chemicals of which the stocks of such stores are largely composed, and we see no reason to doubt that the person so employed who devotes himself to that service and receives a monthly stipend therefor is any the less a clerk because he is qualified to compound, under prescription or otherwise, the goods, that he sells over the counter, and to distinguish between arsenic and quinine. The point is that he is assisting in conducting the business of another, who pays the license, and who is not only authorized, but required, to employ him. State v. Donaldson, 41 Minn. 74, 42 N. W. 781. In this particular case, the defendant, as one of the heirs to the estate in behalf of which the store is conducted, pays a proportion of the license which is paid by the estate, and that, we think, is all that can be required of him.

It is therefore ordered that the judgment appealed from be annulled, and that there now be judgment for defendant rejecting plaintiff's demand and dismissing this suit at his cost in both courts.