## No. 7923.

CITY OF NEW ORLEANS VS. VIRGINIA FIRE & MARINE INS. CO.; SAME VS. NORWICH UNION FIRE INS. CO.; SAME VS. GERMAN AMERICAN INS. CO.; SAME VS. HOME FIRE INS. CO.; SAME VS. ÆTNA FIRE INS. CO. (Consolidated).

Foreign insurance companies taking risks through insurance agencies or insurance brokers in the City of New Orleans and issuing policies from their own domicils, are not subjected to the Ordinance of the City of New Orleans, which imposes a license tax of Five-hundred dollars on insurance companies incorporated in another or a foreign State and doing insurance business in said City by an agent. Decision in 31st An. 781, affirmed.

APPEAL from the Third District Court, parish of Orleans. *Monroe, J.*

*Saml. P. Blanc,* Assistant City Attorney, for Plaintiff and Appellant.

First—A foreign insurance company which causes its policies to be put in circulation within the municipal limits, taking risks and deriving profit from among the community, obtains thereby all the advantages and performs all the necessary acts within those boundaries usual to the insurance business of companies domiciled in the city, and is, hence, doing an insurance business in the place.

Second—It matters not whether such foreign company does such business directly itself from the home office, or through the medium of a special agent or a general agency, it is none the less the company's business and not the less done within the city.

Third—When such foreign company appoints an agent under Act No. 21 of 1877, who then operates for it, it publicly avows its purpose to insure in the State, and cannot reasonably pretend the contrary.

Fourth—When such foreign company reimburses or pays the municipal license tax imposed on insurance business done or to be done in the city, it cannot reasonably be said that such company is not paying on its own business. It is not to be thought that any person pays the license tax except on his own business.

Fifth—The business of the agent, through whom the company works in the city, as distinguished from that of the company he represents, is that of an employee receiving pay contingent on the amount of the company's business done by him. His business is *not* the insurance business, for he insures nothing, takes no risks, incurs no losses and obtains no profit except a commission deducted from the company's premiums, which he is authorized to collect, and is bound to account for.

NEW ORLEANS, JANUARY 1881. 11

City of New Orleans vs. Virginia Fire & Marine Insurance Co., etc.

Sixth—As it is not denied that somebody's insurance business is done in the city through these agents, and it is certainly not they who insure, it is not their business, but that of the companies they represent.

Seventh—It is no defense to a suit against such a foreign company for doing insurance business in the city, for an agent, who insures nothing and takes no risks, to call it *his* business. If it was, then no foreign insurance company could be held to pay.

Eighth—The case of the City of New Orleans vs. The Rhenish Westphalian Lloyds, 31 An. 781, cannot be cited as *stare decisis*, for the facts now known were not brought out in that cause, and the license imposed by Ordinance 6253, of the City of New Orleans, is different from that formerly interpreted. In the present case, the license is imposed on the company, but in the former instance, it was levied on the agency. A difference clearly marked in the decision in the 31st Annual.

*Breaux & Hall* for Defendants and Appellees.

"Insurance agencies" are recognized as a distinct occupation or calling, and when they place risks in foreign companies, such placing does not bring the companies into this State as transacting business here, nor does it subject the said company to a license tax. 31 An. 781.

The opinion of the Court was delivered by

LEVY, J. The same question being involved, the five suits against the Insurance Companies named above, have, by consent of parties, been consolidated, and the decision herein rendered will be applicable to each of the cases thus consolidated, the evidence being the same in all of them. The City of New Orleans, in its petition, alleges that, it is authorized and empowered to impose a license on all trades, professions and callings, carried on in said city; that said licenses are required to be taxed, annually, in the month of December; that they expire on the 31st of December in each year for which they shall be obtained, and are due and payable from the 1st day of January to the 28th day of February, inclusive, of each year ; that the City Council, on the 23d of December, 1879, adopted an ordinance, No. 6253, to establish the rates of licenses for "professions, callings and other business" in said city for the year 1880 ; that by said ordinance the license tax imposed upon the profession, calling, trade or business of insurance (except life or accident insurance), when carried on by a foreign insurance company, is fixed at five hundred dollars ; that the companies, enumerated in this consolidated suit, since the 1st of January, 1880, domiciled and created outside of this State, but doing business in the City of New Orleans, through the medium of the agents respectively named, these agents residing in said city, have been and are carrying on and conducting the profession, calling, trade or business of insurance (other than life or accident insurance) in said city, without having paid a license tax, and without having obtained a license as required by law and the aforesaid ordinance. It further alleged that this conduct of the defendants, not only deprives the city of a certain revenue required to meet its expen-

ses and liabilities, but seriously interferes with the proper police of said city, and if permitted, will be productive of insubordination and unlawful resistance to the laws and the ordinances of the city; further, it claimed a privilege and lien in the nature of a lessor's privilege upon the personal property of defendants with right to seize and sell the same, and a right to enjoin defendants from continuing to carry on the business aforesaid until they shall have paid the license tax and all costs and charges for the recovery thereof.

The city prayed for a writ of injunction for the above mentioned purpose, for citation and for judgment for the sum of five hundred dollars for license tax (in each case), with ten per cent interest thereon from the 1st of March, 1880, until paid, with lien and privilege and right of pledge, according to law, for costs and for perpetuation of the injunction. An affidavit as to the truth of allegations, sworn to by the Administrator of Finance, was annexed to the petition. The injunction prayed for was issued and duly served.

The defendants in the several suits in their answers averred: 1st. That they are not engaged in any profession, calling trade or business in the City of New Orleans; that they had no office and transacted no business there; that they transacted their business exclusively at the places of their domicil and issued their policies there alone; that their business was received from public insurance agents or brokers in New Orleans and other cities; that they did not, themselves, solicit business in the City of New Orleans, otherwise than as they solicit good business from all parts of the world; that in accordance with the laws of Louisiana they have appointed agents, in this State, through whom they could be sued, and to enable them to receive business through public insurance agents in the city; that they are under no obligation to confine their business to applications forwarded to them through any particular agent or broker, and no agent or broker is under any obligation to solicit business for them, except so far as it suits their own interest. 2nd. That, Ordinance No. 6253, A. S., of the City of New Orleans, is illegal, null and void, because the licenses imposed on persons doing business during the year 1880, whether imposed before or after the promulgation of the Constitution of 1879, must conform to the provisions of said Constitution; that by article 206 of said Constitution, the City of New Orleans is prohibited from levying " a greater license tax than is imposed by the General Assembly for State purposes," and that no license tax having as yet been imposed by the General Assembly, the said city is not competent to impose or collect any such license. 3rd. That said ordinance is illegal, null and void, because it violates articles 206 and 217 of said Constitution, in that, it is not in any manner graduated as required thereby. They therefore prayed for rejection of plaintiff's demand, etc.

Ordinance 6253 reads as follows : "Each and every insurance company organized and incorporated by or in another or a foreign State, and doing an insurance business (life and accident insurance business excepted) in the City of New Orleans, whether directly or through the medium of any firm, or person, or agency, five hundred dollars."

The question of fact to be determined, in order to subject the defendants to the license tax thus imposed, is : Do these companies do an insurance business in the City of New Orleans ? In the case of City of New Orleans vs. Rhenish Westphalian Lloyds et al., 31 An. 781, the Court practically decided this question, and held that foreign insurance companies issuing policies from their own domicils, who do not carry on business here, who have no agent here, and who only agree to accept risks placed for them by a person residing here, cannot be compelled to pay a license tax to the City of New Orleans, in virtue of an ordinance which imposes a license on every agency doing business for foreign insurance companies; and that the business thus done through or by insurance agencies, was not to be construed to the effect that the companies, with whom these *agencies did such business*, brought the companies with whom the risks were placed in the category of doing business themselves here. In that case the city sought to recover a license tax from a number of companies represented by agents residing in the city, and after a full discussion, the Court decided that they did not do business here in the sense which would render them liable for the tax. The evidence contained in this record, shows that in accordance with Act No. 21 of the General Assembly of Louisiana, approved February 26th, 1877, the companies defendant have constituted agents in this State on whom service of legal process should be made, which service should be binding upon the companies; or, in other words, bringing them for certain purposes within the jurisdiction of our State Courts. The powers thus conferred upon these agents are specific, and solely for the purposes above named. The companies domiciled out of this State accept risks placed with them by insurance agencies or insurance brokers residents here. Insurance agency is declared in the case above cited to be a distinct, separate and individual industry or occupation. The persons engaged in that calling place risks in many companies, placing their policies of insurance and re-insurance as suits themselves; they are not confined in their business exclusively to any one company, and the business which they transact with the various insurance companies *is their business*. The insurance effected is solicited by the agencies themselves; and the party insured might, if he chose, make direct application to the company located out of the State and obtain his policy. There is nothing to prevent this from being done; and if a resident of the City of New Orleans chose to pursue this course, it would hardly be con-

tended that the company issuing a policy to such person would be subjected thereby to the payment of a license tax for doing an insurance business in New Orleans. Is the case any stronger when the foreign company issues the policy through the medium or vehicle of a public insurance agency? We think the reasoning of the Court in the case of the City of New Orleans vs. Rhenish Westphalian Lloyds et al., 31 An. 781, is applicable to and virtually covers this, and we are not disposed to overrule that authority. The case would be different if a foreign company had established its own agent here, such agent not carrying on a public insurance agency, but conducting under special authority the business of his foreign principal, and confining himself thereto, and instead of falling under the distinctive class or calling of insurance agency, doing the general and indiscriminate business distinguishing that occupation, acting as the special agent and representative of a particular company. Under that condition, the company which would be doing business here through its own agent, whose solicitation of business would be that of his principal, would be liable to the payment of the license tax; while such individual agent could not be regarded as falling within the distinctive class of insurance *agency.*

The judgments appealed from are affirmed with costs.

Mr. Justice Fenner recuses himself in this case, having been of counsel.

The Chief Justice takes no part in this decision.

Rehearing refused.