State vs. Woods et als.

## No. 10,029.

### THE STATE OF LOUISIANA VS. A. A. WOODS ET ALS.

A clear distinction exists in law as well as in fact, and must be observed by courts, between the business of an *insurance agent* and that of a person, firm or corporation *conducting or doing an insurance business*.

In the contracts of insurance negotiated by insurance agents the latter act only in a representative capacity, as intermediaries between the *insured* and the companies which they represent; in such contracts they do not own the premiums which they receive; they are not the *insurers*, hence never personally liable for losses.

Therefore they are not personally liable for licenses exacted by law of persons, firms or corporations who do and conduct an insurance business in this State.

A suit to enforce such a license against the agents personally cannot be maintained.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*John McEnery* and *W. B. Sommerville*, for Plaintiff and Appellee.

*Harry H. Hall, G. A. Breaux* and *F. C. Zacharie* for Defendants and Appellants:

I.

"Conducting an insurance business" is totally different from "conducting the business of insurance agency." Under the law imposing a license upon the former, recovery cannot be had against the latter. 31 Ann 781; 33 Ann. 10.

II.

A license imposed under the taxing power for revenue is a tax, as distinguished from a a license imposed under the police power. Desty, Taxation, pp. 191, 305; Cooley, Taxation, 186–592; Cooley's Constitutional Limitation, p. 616; 36 Ann. 363; 38 Ann. 711.

III.

Such a license tax must be "equal and uniform" upon all who engage in the same trade and calling. 23 Ann 663, 449; 26 Ann. 140; 28 Ann. 102; 36 Ann. 95.

IV:

The Legislature may classify trades and callings, but that classification must be of different callings and not of different degrees in the same calling. Cooley, Taxation, p. 186.

V.

Graduate means "proportion," to mark with degree of equal part, and a law which imposes upon the insurance company doing a business of $300,000, a license tax of $1750, for say ½ of 1 per cent., and upon another company doing the same kind of business of $100,000, in the same place, a license tax of $300, or 3 per cent does not graduate the tax. V. 36, Ann. 95.

VI.

If the tax could be thus arbitrarily "graduated" (!) without proportion, it is obnoxious to the Constitution, because not equal and uniform. 36 Ann. 95.

VII.

If "equality and uniformity can be reconciled with 'graduation' it should be done." 36 Ann. 95.

The opinion of the Court was delivered by

POCHÉ, J. Defendants, who are engaged in the business of insurance agents in the city of New Orleans, resist the claim of the State

for licenses under the provisions of section 7 of Act No. 101 of 1886, which reads as follows:

" SEC 7. *Be it further enacted, etc.,* That each and every insurance company (society), association, corporation or other organization or firm, or individual, doing and conducting an insurance business of any kind, life, fire, marine, river, accident or other in this State, whether such company, society, association, corporation, or other organization or firm, or individual, is located or domiciled here or operating here, through a branch department, resident board, local office, firm, company, corporation or agency of any kind whatsoever, shall pay a separate and distinct license on said business for each company represented, and said licenses shall be based on the gross annual amount of premiums on all risks located within the State, and upon risks located in other States or foreign countries, upon which no license has been paid therein, as follows, to-wit :"

They appeal from a judgment which condemned them to pay the licenses as claimed, with interest of two 'per cent per month on the amounts thereof and with recognition of a first privilege in favor of the State on their property.

Their main contention hinges upon the fact as alleged by the State, and proved by the record, that theirs is a business of *insurance agent,* and that they are therefore not amenable to a law which deals altogether and exclusively with corporations or persons " *doing and conducting an insurance business.*"

Under no rule of construction can the plain language of the statute hereinabove transcribed be held to refer to any other persons, firms or corporations but those who actually conduct an insurance business. A person, firm or corporation who does an insurance business takes risks and issues policies of insurance on its own account and responsibility. Those who carry on the business of insurance agents act only in a representative capacity, and place risks in insurance companies or corporations, either by soliciting business for their principals or in accepting for them risks or insurance business when tendered by third persons who desire to be insured. Insurance agents, in transacting their business, are not *insurers* ; they are not the recipients or beneficiaries of the premiums paid on policies, and they cannot become personally liable for losses incurred under the risks accepted for their principals. In insurance contracts they occupy neither of the relations of *insurer* or *insured,* but they are merely intermediaries between those two classes of contracting parties.

State vs. Woods et als.

Hence such persons cannot be legally held or defined to be persons, firms or corporations doing and conducting an insurance business of any kind.

It appears from the record that insurance agents are only amenable to the law which requires them to be authorized to be cited and to stand in judgment in our courts as mandataries of the insurance companies or corporations for whose account they enter into insurance contracts, either in suits for liabilities growing out. of such contracts (acts of 1877), or "for all purposes connected with licenses and taxation " (act 101 of 1886, section 7); and it appears that these defendants have fully complied with the requirements of the statute.

The distinction between a person or corporation doing an insurance business and an insurance agent is clearly discernible in law as well as in reason, and it has been observed and enforced by judicial authority.

In dealing with the subject of insurance agents in the case of New Orleans vs. Rhenish, Westphalia, Lloyds *et als.*, 31 Ann. 781, this court used the following language :

" They negotiate insurance upon commission, and to increase their incomes they procure authority from foreign companies to place risks for them,    *   *   *    and they solicit the patronage of persons desiring to insure;    *   *   *    they are under no obligation to solicit for any particular company, each company simply agreeing to accept such risks as they may place for them ; *   *   *    this business is conducted in their own behalf and interest, they renting and furnishing their own offices and defraying all expenses out of their own means ; * * * the policies delivered are issued by the companies at the places where they are domiciled, and said companies have and keep no offices here.

"Under this state of facts it is manifest that the business carried on by these parties is a distinct, separate and individual industry or occupation, and only taxable as such."

That case was followed by the present Bench in the case of City vs. Virginia Insurance Company, 33 Ann. 11.

The defendants in the instant case are shown by the record to be precisely the insurance agents described in the quotation from the case in the 31st Annual, and we know of no law, and have been referred to none which proposes to tax them in their said "separate and individual industry or occupation."

The attempt of the State, by means of this proceeding, is to make them personally liable for the license which is contemplated for the

companies or corporations which they represent, and to subject their own property to the privilege created in favor of the State against the property of the parties who may owe the license provided for by the statute.]

Such a proposition finds no sanction in reason or justice, and much less in the very law under which the proceeding has been instituted. Hence the judgment appealed from cannot be sustained.

It is therefore ordered, adjudged and decreed that the judgment rendered below against the defendants be annulled, avoided and reversed, and that the rule taken herein against them be discharged and dismissed, without costs to defendants in either court.