(38 South. 578.)

No. 15,444.

CITY OF LAKE CHARLES v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

(May 8, 1905.)

INSURANCE—CONTRACT—AGENTS—LICENSE—FOREIGN COMPANIES.

1. The contract of insurance is completed at the place where the policy is delivered and the first premium collected.

2. A person who is obligated to solicit insurance for a particular company, and to abstain from soliciting insurance for any other company, is an agent, and not a broker.

3. Where the functions of such a person consist in soliciting the insurance, receiving the application for insurance, forwarding same, receiving in return the policy, and delivering same and collecting the first premium, he must be held to be an agent, and not a mere drummer, in the ordinary sense of that term.

4. The operations of such an agent constitute a "doing and conducting of an insurance business," within the terms of an ordinance levying a license for the doing and conducting of an insurance business through an agency, of whatsoever kind.

5. A separate license may be exacted of a foreign insurance company by every municipality within whose limits it does and conducts an insurance business.

6. And such company will not be relieved from the liability for such license by proof that it

has already paid to the city of New Orleans a license predicated upon the business done by it throughout the state. Payment to a person other than the creditor does not extinguish the debt.

(Syllabus by the Court.)

Action by the city of Lake Charles against the Equitable Life Assurance Society of the United States. Judgment for defendant was affirmed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Reversed.

Terriberry & Butler (Winston Overton, of counsel), for applicant. Farrar, Jonas & Kruttschnitt, for respondent.

PROVOSTY, J. The city of Lake Charles demands the payment of a license of the defendant society, the Equitable Life Assurance Society of the United States, a New York corporation, whose home is the city of New York, but which is doing business in this state through the firm of Wisdom & Levy, its state agent, duly constituted in accordance with the state statute requiring foreign insurance companies doing business in this state to appoint an agent for the purpose of service of process, and for all purposes connected with licenses and taxation, and through local subordinate agents employed by Wisdom & Levy to solicit business in its behalf.

The subordinate agent for the city of Lake Charles is the firm of P. Jacobs & Sons. This firm carries on a general insurance agency or brokerage business, but, under the terms of its contract with Wisdom & Levy, it is obligated affirmatively to solicit business for the defendant society, and negatively not to solicit business for any other company. Whether it advertises itself as the agent of the defendant society, and advertises its place of business in Lake Charles as being also the place of business of the defendant society, the record does not show. The contract recites that it is the agent of Wisdom & Levy, solely, without any contractual relations with the defendant society.

Every insurance company doing business in this state is required to make to the Secretary of State on or before the 1st day of March of each year a report, signed and sworn to by its president and its secretary, giving in detail the amount and character of the business done by it in this state in the year ending on the 31st day of December preceding. The amount of the license to be paid by the company for the current year is required to be computed from this report. The law is silent in regard to whether insurance companies shall pay but one state and one municipal license for all the business done by them in the state, or shall be subject to local licenses, like other business concerns. But it does authorize the municipalities of the state to impose a license upon any "business" upon which the state imposes a license. Section 16, Act No. 171, p. 417, of 1898.

Before the demand for this license had been made on the defendant society, it had paid in the city of New Orleans a state and a municipal license predicated upon the business done by it throughout the state in the preceding year.

Whatever business the defendant society does in Lake Charles through the intermediary of P. Jacobs & Sons is done in the manner following: P. Jacobs & Sons solicit the business, receive the application for insurance, and transmit it to Wisdom & Levy, in New Orleans, who in turn transmit it to the society, in New York. The society, if the application is accepted and a policy is issued, sends the policy to Wisdom & Levy, who transmit it to P. Jacobs & Sons for delivery to the applicant and collection of the first premium. The medical examination is made in Lake Charles.

In behalf of plaintiff it is contended that the defendant society is doing an insurance business in the city of Lake Charles through

P. Jacobs & Sons, as its agents, and that under the express terms of the license ordinance of the city the defendant owes the license.

In behalf of defendant it is contended that all the business done by defendant in Louisiana has been done in the city of New Orleans by Wisdom & Levy; that P. Jacobs & Sons are not the agents of defendant, but of Wisdom & Levy, and are mere solicitors of business, not to be differentiated from ordinary drummers; that, even if any direct relation existed between defendant and P. Jacobs & Sons, still defendant would not owe the license, because P. Jacobs & Sons are brokers, and under the decisions of this court in the case of New Orleans v. Rhenish-Westphalian Lloyds et al., 31 La. Ann. 781, and New Orleans v. Virginia, etc., Co., 33 La. Ann. 10, a foreign insurance company does not owe a license for business done through a broker; that finally, as an effect of the laws requiring the insurance companies to report yearly to the Secretary of State the amount of their business in the preceding years, and requiring the license to be predicated on that report, no more than one municipal license can be demanded of a foreign insurance company in this state, and not elsewhere than at the domicile of its state agent.

The court has concluded that defendant owes a license, but that, from the business shown to have been done, the amount of the license due is only $25.

Under the terms of the ordinance, a license is due by every insurance company doing or conducting a life insurance business in the city of Lake Charles through an "agency of any kind whatsoever."

Now, there is certainly an insurance business done in Lake Charles by P. Jacobs & Sons for somebody. They solicit insurance, receive applications for insurance, forward same, receive the policies in return, deliver same, and collect the first premium. They inaugurate the contract and consummate it. That the contract of insurance is completed at the place where the policy is delivered and the first premium collected has become familiar law. May on Ins. § 66; Equitable Life Assur. Soc. v. Pettus, 140 U. S. 231, 11 Sup. Ct. 822, 35 L. Ed. 500; Grevening v. Washington Life Ins. Co., 112 La. 879, 36 South. 790.

The business thus done is not that of Wisdom & Levy. They are not insurers. No one is solicited to enter into a contract of insurance with them. They issue no policies, and any premiums that are collected and transmitted do not belong to them. It is defendant who is the insurer, and whose business is being done.

The stubborn fact that the business is that of defendant, and not of Wisdom & Levy, cannot be obscured or spirited away by the verbiage of the subcontract. It remains and stands out, no matter how much the subcontract may recite, that P. Jacobs & Sons are to be solely the agents of Wisdom & Levy, with no contractual relation with defendant.

It may be well to mention that even to that part of the contract regulating the private relations between the agent and the subagent defendant is to some extent privy, since the contract was entered into subject to defendant's approval, and stipulates in defendant's favor the right to pay to the subagent and charge to the agent any amount the agent might be found to owe the subagent.

Whether defendant would be exempt from the license if it were found that P. Jacobs & Sons were mere brokers or drummers is a question unnecessary to be considered, since the court finds that P. Jacobs & Sons, in their relation with defendant, are not brokers or drummers.

They ceased to be brokers and became agents the moment they bound themselves to solicit business for one principal in partic-

ular, to the exclusion of all others. A. & E. E. of L. vol. 76, p. 970; State of Louisiana and City of New Orleans v. New Eng. Ins. Co., 43 La. Ann. 133, 8 South. 888; New Orleans v. Rhenish-Westphalian Lloyds, 31 La. Ann. 781; N. O. v. Virginia Ins. Co., 33 La. Ann. 10; State v. Woods, 40 La. Ann. 175, 3 South. 543.

They would be drummers if they restricted their ministry to the mere soliciting of the insurance. A. & E. Ency. of L. vol. 6, p. 224; State v. Chapman, 35 La. Ann. 75. The drummer solicits the business, and secures an order which is filled elsewhere. When he is acting for a merchant, he inaugurates the contract of sale, and the contract is consummated elsewhere by the setting apart and appropriating of the goods to the contract. State v. Shields, 110 La. 547, 34 South. 673. But P. Jacobs & Sons, as already stated, preside both at the inception and the completion of the contract. They solicit the business, and complete it by the delivering the policy and collecting the premium.

The contention that only one state and one municipal license can be demanded for all the business done in the state was passed on adversely in the case of New Orleans v. Liverpool, London & Globe Ins. Co., 52 La. Ann. 1904, 28 South. 267, and is in direct opposition to section 16 of Act No. 171, p. 417, of 1898, by which the several municipalities of the state are authorized to levy the same license which the state levies. The ordinance in this case is a copy of section 8 of Act No. 171, p. 396, of 1898, and hence levies precisely the same license that the state levies, with the sole difference that the amount of each is regulated by the amount of business done within the jurisdiction of the authority levying it.

It is unfortunate that defendant should have to pay twice, but payment to the city of New Orleans cannot destroy the right of the city of Lake Charles. A debt is not extinguished by payment to the wrong person.

Defendant was charged with notice of this liability to the city of Lake Charles, and should have paid that much less to the city of New Orleans.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal be set aside, and that there be judgment in favor of the city of Lake Charles and against the defendant, the Equitable Life Assurance Society of the United States, for the sum of $25 and all costs.