PROVOSTX, J.
Plaintiff sues for damages alleged to have resulted from defendant’s breach of his contract to buy certain lands. The ease turns in part upon whether the petition shows a cause of action. Plaintiff alleges that he “made and negotiated a contract with defendant respecting the sale to said defendant of the lands in question” ; that “your petitioner entered into an agreement and secured an option upon the lands in question (with a view to the sale herein referred to) from the Hammond Real Estate & Investment Company, and it was understood and agreed between the said company and your petitioner that your petitioner was to receive 4 per cent, commission on sale of land at $12 per acre, and all profit over and above any price that might be secured over $12 per acre.” The contract with defendant is then set forth and “that he now refuses to carry out same, although repeated demand to do so has been made upon him.” The damages claimed are the commission -and the profits the petitioner would have had if defendant had carried out the contract, and the expens *212 es which the petitioner incurred in connection with the contract.
Defendant filed the following exceptions:
“(1) That said petition is too vague, general, and indefinite to permit defendant to safely answer thereto, in this, to wit:
“That the petition does not state whether the alleged negotiations with this defendant on May 25, 1906, were verbal or in writing. If in writing, this defendant should have oyer of said writing.
“That said petition does not state whether the alleged agreement and option with and from the Hammond Real Estate & Investment Company were verbal or in writing. If in writing, this defendant is entitled to oyer of said agreement and option.
“That said petition does not itemize and set forth sufficiently the item of $250 claimed by plaintiff as expenses incurred by him in negotiating for the sale of this land.
“That said petition does not itemize and sufficiently set forth the item of $750 claimed by plaintiff as indebtedness by him to the Hammond Real Estate & Investment Company, nor does said petition set forth how said indebtedness arose, or under what theory the plaintiff is indebted to said Hammond Real Estate & Investment Company.
“(2) Eor further exception this defendant says:
“That the said plaintiff does not allege for whom he was acting in the transactions disclosed by his petition, whether as agent for this defendant, or as agent for the Hammond Real Estate & Investment Company, or whether he was acting as an independent broker for his own account; that it is necessary for him to disclose the capacity in which he was acting.
“For further exception this defendant says that plaintiff’s petition discloses no cause of action against this defendant.”
The court maintained said exceptions—
“in so far as to order amendment of petition within 10 days, so as to show capacity in which plaintiff was acting, and itemizing all charges.”
Thereupon plaintiff filed an amended petition, in which he renewed the allegations of his original petition, and alleged, further, that he was a real estate broker and agent, and as such had had full authority to make the contract in question, and that in making same he was acting as broker and agent for and on behalf of the owners of the land.
The legal delays having expired after the service of this supplemental petition, and the defendant failing to put in an appearance, a default was entered up.
Defendant then filed an exception of no cause of action.
Plaintiff then took a rule on defendant to show cause why this exception should not stand as an answer.
After hearing, but in the absence of defendant, the court ordered the exception .to stand as an answer.
Later the defendant filed an answer.
On the trial plaintiff objected to the reading of this answer, and moved that the same be stricken out, on the ground that it was inconsistent with the peremptory exception of no cause of action which the court had ordered to stand as an answer, and on the further ground that it had been filed without leave of court.
In ruling upon this motion the court said: .
“In sustaining the objections made by counsel for the plaintiff, the court states that this case has been regularly called and fixed for trial under the rules of court. It has been posted now during the regular time, say two weeks, and this amended and supplemental answer was only placed in the record in the clerk's office on yesterday, the day before the case was called for trial, and was called to the attention of the court only after the case was called for trial and the parties had announced themselves as ready for trial. On examination of this document, this supplemental answer, it is shown to be at variance with the original answer filed in this case, which admitted the allegations of the plaintiff’s petition. Therefore the court is unable to permit this supplemental answer to be filed at this time. If it did not contradict or vary the original answer in the case, the court would permit the filing of the answer at this time, and give the plaintiff any time he might desire for the purpose of preparing the case for trial; but, under the circumstances, the court does not see its way clear to permit the filing of this amended and supplemental answer.”
This ruling was erroneous. An exception of no cause of action is not an answer, but an exception. So decided in Bijou Co. v. Lehmann, 118 La. 956, 43 South. 632. Not having theretofore filed an answer, the defendant was entitled to file one, and did not have to obtain the leave of the court for so doing. *214 Whether defendant could have postponed the trial is another question. He does not seem to have attempted to do so.
The learned counsel for plaintiff suggests that this doctrine of the Bijou Case is inapplicable to the facts of the instant case, because in the instant case there had been a great many delays; that the suit was filed •on July 10, 1900; that defendant did not make an appearance until three months thereafter, and then only to file exceptions, among which was an exception of no cause of action; that the trial of these exceptions was not had until November 9, 1906; that, although service of the supplemental petition was accepted on November 19th, defendant had made no appearance on December 4th, when a default was taken; that defendant filed the exception of no cause of action on the next day, December 5th; that one month later, on January 3, 1907, plaintiff took the rule to have this exception stand as an answer, and that this rule was not tried until January 25th; that to this order defendant took no exception whatever; that the case was then fixed for trial on the merits for April 2d, and the defendant filed no further pleadings until April 1st, when he filed the answer in question.
The learned counsel argue that, the defendant not having reserved a bill of exception to the action of the court ordering the exception of no cause of action to stand as an answer, he must be considered as having acquiesced therein, and that, moreover, the answer was filed entirely too late.
We can discover no force in this argument. The exception was not an answer, and the order .of the court could not deprive defendant of his absolute right to file an answer at any time before confirmation of the default that had been entered against him, and he did not have to reserve an exception to the unauthorized action of the court ordering a mere exception to stand as an answer. This order comes up now for review on appeal. Defendant has never . acquiesced in it, but has treated it as a mere nullity.
Defendant asks this court to pass upon the exception of no cause of action, and there is no good reason for not doing so.
As the original petition stood, the plaintiff had secured an option from the owners of the land, and had thereafter in his own name made a sale to defendant, and there had been in consequence two contracts — one, an option, entered into between plaintiff and the owners of the land, and another, a promise of sale, entered into between plaintiff and defendant ; but, on- the petition as amended, the plaintiff had not secured for himself an option to buy the land, but had simply entered into a contract of agency with the owners of the land for selling it for them, and had then entered for his said principals with the defendant into a contract of promise of sale. The cause of action stated in the petition as amended is on this last-named contract, and to this contract the plaintiff was not a party, except as agent; that is to say, he was no party to the contract at all. That an agent cannot sue upon a contract made for his principal is a plain proposition. The fact of his not having revealed the name of his principal makes no difference. 19 Oyc. 301, note 84. Plaintiff could not enter in his own name into a contract to sell, or of promise to sell, land which did not belong to him. A man can neither sell nor promise to sell what does not belong to him. Any such contract he may enter into is a mere nullity. It may give rise to a cause of action in damages against him, but cannot possibly serve as the basis of a suit by him.
Judgment set aside, and suit dismissed, with costs in both courts.