## DUMAINE & CO. v. GAY, SULLIVAN & CO., Inc.

### No. 17048.

Court of Appeal of Louisiana. Orleans.

April 24, 1939.

Rehearing Granted May 22, 1939.

Miller, Bloch & Martin, of New Orleans, for appellant.

Adam H. Harper, of New Orleans, for appellee.

McCALEB, Judge.

Since this is the second time this case has come before us on appeal, we believe that a brief history of the litigation is pertinent.

Dumaine & Company, a commercial co-partnership doing business in the City of New Orleans, brought this suit against Gay, Sullivan & Company, Inc., to recover the sum of $213.41, as damages resulting from an alleged breach of contract. It averred that on January 22, 1934, it was engaged in the business of selling sugar as brokers; that, while so engaged, it ordered from the defendant 800 bags of "Slack Central" or "Rosedale seconds" sugar to be shipped by the defendant to its consignee, Preserves & Honey, Inc., located in St. Louis, Missouri; that said order was accepted by the defendant and that, in accordance therewith, the sugar, which had been purchased on sample, was shipped to its consignee. It further alleged that, when the shipment arrived at St. Louis, its consignee, Preserves & Honey, Inc., refused to accept it for the reason that the sugar contained foreign and deleterious substances rendering it unsafe and unfit for human consumption; that it offered the defendant an opportunity to correct the defects and that, upon defendant's refusal to do so, it authorized its consignee to remove the deleterious matter from the sugar by running it through a corrective process. It further averred that the cost of reprocessing the commodity amounted to $210, that it further expended the sum of $3.41 in furnishing the defendant with a bag of the lot of sugar to be analyzed and that it has sustained damages in the amount sued for as a direct result of the defendant's breach of its agreement to deliver sugar which was fit for human consumption.

To this petition, the defendant filed a plea (styled as an exception of misjoinder) in which it set forth that it was not responsible to plaintiff because it had acted as a broker in the transaction; that it was the agent of Slack Bros., Inc. of Rosedale, Louisiana, the owners and sellers of the sugar, and that plaintiff had knowledge of such fact. Before this exception could be heard, the plaintiff filed an amended petition in which it alleged that the defendant had sold the sugar in the capacity of sugar broker. After the petition had been supplemented in the manner above stated, the defendant filed an exception of no right or cause of action which was sustained by the district court.

The plaintiff thereupon appealed to this court from the adverse ruling. When the matter was considered here, the defendant maintained that, since the plaintiff, by supplemental petition, had alleged that it was acting as a broker in the transaction, it was not responsible and that its principal

164

alone could be held liable for a breach of the contract. Being of the opinion that defendant's contention was well founded, we decreed that the exception had been properly sustained, but we nevertheless remanded the case for the purpose of permitting the plaintiff to amend its pleadings by alleging, if it could, that the defendant, although an agent or broker, had failed to disclose to the plaintiff the name of its principal, as we recognized that, under such circumstances, it would be personally liable for the breach of the contract. See 171 So. 396.

When the case was sent back to the district court, the plaintiff, in conformity with our decision, filed a second supplemental and amended petition, alleging as follows: "That under date of January 22, 1934, and for some time prior thereto, petitioner was engaged in the business of selling sugar, as broker, and, on said date, while engaged in said business, ordered of the defendant corporation, which was then and there operating and acting in the capacity of sugar brokers, Eight Hundred (800) bags of 'Slack Central' or 'Rosedale seconds', sugar to be shipped by defendant or its agents to petitioner's consignee, Preserves and Honey, Inc., a corporation located in St. Louis, Missouri, the name or names of the owner or owners of which said sugar were not known to the petitioner at the time said order was placed and said sugar shipped to said consignee, and petitioners charge that it did not know that defendant was acting for a principal, if, in fact, defendant was so acting."

After the foregoing supplemental petition was filed, counsel, who had previously represented the defendant, withdrew from the case and present counsel were substituted in his stead as its attorneys. On behalf of their client, counsel excepted to plaintiff's petition as finally amended on the ground that it failed to state a right or cause of action, and, at the same time, filed an answer in which any and all liability on the part of the defendant was denied.

The case was thereafter called for trial on its merits on February 2, 1938, and, when the plaintiff sought to introduce proof of its demand, counsel for defendant objected to the admissibility of any and all evidence on the ground that the petition as amended revealed that the plaintiff was without a legal right of action since it had alleged that it was acting as a broker at the time it purchased the bags of sugar

from the defendant. After hearing oral argument on the objection, the district judge, being in doubt as to its correctness, stated that he would not decide the question at that time and that he would continue the matter as an open case in order to permit counsel on both sides to submit briefs. Subsequently, on May 16, 1938, he overruled the exception and objection. The case was thereafter heard on its merits and resulted in a judgment in favor of plaintiff for the full amount claimed. The defendant has prosecuted this appeal from the adverse decision.

At the outset, we direct our attention to defendant's exception of no right of action. When this case was previously argued before us on the exceptions, counsel representing the defendant at that time did not raise the question now presented. As a consequence, the point was neither considered nor passed upon by us in determining the case.

■ Plaintiff's pleading as finally amended sets forth "That under date of January 22, 1934, and for some time prior thereto, petitioner was engaged in the business of selling sugar, *as broker,* and, on said date, *while engaged in said business,* ordered of the defendant corporation, * * * Eight Hundred (800) bags of 'Slack Central' or 'Rosedale seconds', sugar to be shipped by the defendant or its agents to petitioner's consignee * * *" (Italics ours). It strikes us that this allegation clearly exhibits that the plaintiff is attempting to recover damages for the breach of a contract made in its capacity as a sugar broker. A broker is defined by Art. 3016 of the Civil Code to be an intermediary who is employed to negotiate a matter between two parties and who, for that reason, is considered as the mandatary of both. If, on the other hand, he acts for only one of the principals, he is simply the agent for the party who employed him. City of Lake Charles v. Equitable Life Assurance Society, 114 La. 836, 38 So. 578.

■ It is well settled that a broker may not maintain an action on a contract which he has negotiated for his principal against the other party to the contract unless the broker has acquired a special interest which confers upon him the right to sue. See volume 12, C.J.S., Brokers, page 347, § 138. In Davenport v. Ash, 121 La. 209, 46 So. 213, the Supreme Court held that a broker cannot sue another contracting party for

breach of a contract made in behalf of his principal even though he acted in his own name and did not disclose that he was acting for another.

In view of the foregoing, it follows that defendant's exception of no right of action is well founded in law.

Counsel for plaintiff, however, submits that the allegations of the petition should not be interpreted to mean that plaintiff acted as a broker in purchasing the sugar. He asserts that it is common knowledge that brokers, as dealers in commodities, buy and sell for their own account as well as for their clients and that, for this reason, we should construe the allegation of plaintiff's petition to mean that it was buying the sugar for its own account. The contention does not impress us. If plaintiff had been acting as a sugar buyer for its own account and not for someone else, it would have been a simple matter for it to have so stated. But instead of this, it sets forth with clarity that it ordered the sugar as a broker, which can only mean in law that it was acting in a representative capacity.

Since we find that plaintiff has not stated a right of action, it is unnecessary to discuss the merits of the case forasmuch as all of plaintiff's evidence should have been excluded in view of the defendant's timely objection which was made at the beginning of the trial.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that plaintiff's suit be and it is dismissed at its cost.

Reversed.