REGAN, Judge.
The plaintiff, Nola Forwarding Co, Inc., filed this suit against the defendant, Bellman Levine, in an endeavor to recover the sum of $1,495.76, representing the balance due on account of money paid by the plaintiff on behalf of the defendant as the result of the latter’s having permitted two shipments of frozen shrimp to spoil enroute between Morgan City, Louisiana, Philadelphia, Pennsylvania, and Richmond, Virginia.
The defendant answered and denied that lie was indebted to the plaintiff for the foregoing amount and explained therein that the only money, if any, owed by the defendant to the plaintiff was the sum of $192.11, representing the balance due on an agreement to pay $1,088.87 for the loss emanating from the first shipment of shrimp.
Following a trial on the merits, the lower court rendered judgment in favor of the plaintiff in the amount of $1,495.76, and from that judgment, the defendant[1] has prosecuted this appeal.
The record discloses that the plaintiff, acting in the. capacity of a broker, effected an agreement between Twin City Co-op, which sells frozen shrimp in Morgan City, Louisiana, and Bellman Levine, the defendant herein, who was engaged to convey the shrimp in his refrigerated trucks to the consignees thereof. The contract provided that the defendant would load the shrimp on his trucks in Morgan City, and convey them to Richmond, Virginia, and Philadelphia, Pennsylvania. The defendant did not deliver two shipments of the sea food in good order, and these perishables sustained a substantial loss in market value due to the spoilage thereof. The plaintiff paid for the loss in order to maintain harmonious relations with its customers. It then filed this suit against the defendant wherein it asserted that the latter had agreed to pay for any loss incurred as the result of the spoilage which occurred in the course of these shipments.
The record also discloses that the loss on the initial shipment of shrimp amounted to $1,138.87,.less a credit of $50.00, as agreed to by both litigants herein, leaving a balance due to the plaintiff of $1,088.87. The loss on the second shipment amounted to $1,352.65, which created a total loss of $2,441.52. The defendant paid on account thereof the sum of $945.76, and judgment was accordingly rendered by the trial court for the plaintiff in the amount of $1,495.76.
The defendant concedes his liability for the loss on the first shipment of shrimp, and in explanation thereof, he asserts that he explicitly agreed in writing to reimburse the *141 plaintiff for the amount thereof. However, he denies that any agreement was ever confected with respect to the second shipment, and argues therefore that he has incurred no liability for the payment of any loss resulting therefrom.
Suffice it to say that the testimony of the plaintiff together with the documentary evidence introduced in the course of the trial hereof has convinced us that such an agreement was elicited from the defendant with respect to his liability to reimburse the plaintiff for any amount which it expended in connection with the spoilage of the shrimp which occurred during the course of the second shipment.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the plaintiff’s version of the transaction, and, therefore, concluded that the defendant did in fact agree to reimburse the plaintiff for payments made by it as the result of the spoilage which occurred during the course of both shipments.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the transaction with respect to the second shipment of shrimp.
The trial judge accepted the plaintiff’s version thereof and our analysis of the record, to reiterate, convinces us that the evidence preponderates in its favor, and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.

. Defendant also filed in this court an exception of no right of action, asserting that a broker has no right to institute a suit of this nature, citing as authority Dumaine & Co. v. Gay, Sullivan & Co., 188 So. 163 (La.App.1939). This case does not support the foregoing assertion since the plaintiff therein was acting strictly as a broker and had no interest in the suit. In the case presently before us, the plaintiff paid the amounts due by the defendant and thus acquired a direct interest and a cause of action to recover reimbursement from the defendant. Therefore, the exception is without merit.