# Sullivan *v.* The State.

68  525
109    4

*Prosecution for Carrying Concealed Weapons.*

1. *Prosecution in County Court; probable cause for affidavit.*—When a prosecution for a misdemeanor is commenced in a County Court having concurrent jurisdiction with the Circuit Court, by an affidavit which conforms to the requisitions of the statute (Code, § 4702), no inquiry can be made, on the trial, into the good faith of the person who made the affidavit, or the sufficiency of the facts within his knowledge to constitute reasonable cause, or to generate a reasonable belief of the defendant's guilt; the prosecution having been regularly commenced, the only issue is as to the guilt or innocence of the defendant.

2. *Same ; election by State.*—Such prosecution involves but one charge or offense, and the same rule applies as to an election that applies in other cases; but the prosecuting officer is not bound to first introduce as a witness the person who made the affidavit, and elect to proceed for the particular offense as to which he testifies; nor can the defendant compel him to make that election, and exclude the testimony of the witness first offered, because the person who made the affidavit by which the prosecution was commenced, and who was afterwards introduced as a

[Sullivan v. The State.]

witness, was ignorant of the particular offense to which the first witness testified.

3. *Carrying concealed weapons; charge on irrelevant evidence.*—The prosecutor who made the affidavit charging the defendant with the offense of carrying concealed weapons, being asked why he made it, replied, that, a short time previously, while his employer had gone to Tennessee, leaving him to take charge of the horses, the defendant "rode one of his horses nearly down, and then turned him loose," and his employer having found it out on his return, "defendant said either I or——told him, and that when he found out which it was, he would fix the one who told it, and would leave, and carry his pistol with him." *Held*, that this evidence had no bearing on the guilt or innocence of the defendant, and that the court erred in refusing to so instruct the jury at the defendant's request.

FROM the County Court of Madison.

Tried before the Hon. WILLIAM RICHARDSON.

The prosecution in this case was commenced by an affidavit, made by one Frank Robinson, to the effect " that he has probable cause for believing, and does believe, that Ned Sullivan, before the filing of this complaint, carried a pistol concealed about his person;" and a writ of arrest thereupon issued by the judge of said County Court, before whom the affidavit was made, commanding the arrest of the defendant "to answer the State of Alabama of a charge of carrying a concealed pistol, preferred by Frank Robinson." When the case was called for trial in the County Court, the defendant pleaded not guilty, and demanded a trial by jury; and the jury having returned a verdict of guilty, assessing a fine of $50 and costs, the court rendered judgment thereon, sentencing the defendant to hard labor for the county "for twenty days for the offense committed," and an additional term of eight months for the costs, which were certified to be $85.10.

On the trial, a bill of exceptions was reserved by the defendant, in which the facts are thus stated : " Jeff Garner, colored, a witness for the State, testified that, within twelve months before the filing of the affidavit against the defendant in this case, he went to the mountain near Newman Jones', in this county, to cut wood, and the defendant and one Shelby Garner went with him ; that no one else was present; that the defendant carried with him a pistol in his boot, with his trousers pulled down over it so that it was concealed ; that the defendant took the pistol out when they got to the mountain, and fired it at a tree, and then laid it down by a log. Witness said he knew Frank Robinson, who made the affidavit in this case, and lived with him, but never told him about the carrying of the pistol on the mountain that day ; also, that he and Frank Robinson came to town together in a wagon to day (the day of the trial), and he told Frank, 'I am summoned to tell the truth in the case, and I shall tell it;'

and that Frank said, 'Tell the truth, that is right.' Frank Robinson, colored, was then examined as a witness by the State, and thus testified: 'In January and February before the making of the affidavit, I frequently saw the defendant carrying a pistol on Newman Jones' place. He carried it concealed under his coat, and it could only be seen when he drew it out, or when he raised up his coat. I was not on the mountain with Jeff Garner, Shelby Garner and the defendant, and I know nothing about the carrying of the pistol on that occasion.' On cross-examination he said: 'I made the affidavit in this case. It refers to the time when I saw him carrying the pistol on Mr. Newman Jones' place. I did not make the affidavit to charge him with carrying the concealed pistol on the mountain. I do not accuse him, in the affidavit, of carrying the pistol on the mountain. I was not there, and I do not know anything about that.' The defendant moved the court, at this point, to exclude the evidence of Jeff Garner tending to show that the defendant had carried a pistol concealed on the mountain, and to confine the prosecution to the charge as explained and located in the testimony of said Frank Robinson. The court overruled this motion, and declined to exclude said evidence of Jeff Garner; to which the defendant excepted. The court declined and refused, also, to confine the State to evidence of the charge as explained and located in the testimony of said Frank Robinson, and the defendant excepted. The defendant then moved the court to exclude the evidence of said Robinson about the carrying of the pistol on the Newman Jones place, and the court granted this motion. Said Robinson further testified, on cross-examination: 'I came to town to-day with Jeff Garner. He did not say a word to me about this case, and I did not mention it to him. We were in the wagon together, and came to town in the same wagon. I am friendly with defendant. We visited each other. He ate at my table, and I ate at his.' The defendant then asked the witness, 'Why did you make the affidavit against defendant?' He answered, 'When Mr. Newman Jones went to Tennessee'—The defendant's counsel said, 'I do not desire to call out anything about Mr. Jones' trip to Tennessee.' The solicitor insisted on the witness being allowed to answer in full, while the defendant objected to his answering further about the trip to Tennessee; but the court overruled the defendant's objection, and he excepted. The witness proceeded thus: 'When Mr. Jones went to Tennessee, he left me to watch his horses. While he was gone, the defendant rode Mr. Jones' horse nearly down, and then turned him loose. Mr. Jones found it out. Defendant said, that either I or——told him, and that when he found out who

it was, he would fix the one that told it, and leave, and would carry Lula with him; that by Lula he meant his pistol; and that he (witness) made the affidavit because of this threat, after consulting Mr. Davis, who was acting as the assistant solicitor.' During this recital, the defendant repeatedly objected to it; but the solicitor insisted that it should be heard, as the defendant's question elicited it; the court allowed it to go to the jury, and the defendant excepted. The State here closed, and the defendant announced that he would offer no testimony. The assistant solicitor began his address to the jury, and, after speaking a few sentences, asked leave to examine Mr. Newman Jones, to prove the venue. The defendant objected, but the court overruled the objection, and allowed said Jones to testify that he lived in Madison county, fifteen or eighteen miles from the county line, and that the mountain referred to by Jeff Garner was about a half mile from his residence; to which ruling of the court the defendant excepted. This was all the evidence in the case. After the court had charged the jury, the defendant asked the following charge: 'The evidence of the witness Robinson, that defendant rode Mr. Jones' horse nearly down, and then turned him loose, has no proper bearing on the defendant's guilt or innocence, and the jury should not give any weight to it.' The court refused to give this charge, and the defendant excepted to its refusal."

WALKER & SHELBY, for the appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The County Court of Madison county, by statute, is invested with jurisdiction, co-extensive and concurrent with that of the Circuit Court, of all misdemeanors committed within the county.—Acts of 1876-7, p. 149; Cawthorn v. State, 63 Ala. 157. The mode of preferring, before the court, a charge or accusation of misdemeanor, is prescribed by the Code, section 4702. The affidavit in writing of a person, stating that he has probable cause for believing, and does believe, that a designated misdemeanor has been committed by a named person, is the charge or accusation. That charge or accusation being preferred, a warrant of arrest issues; and on the day appointed, a trial is had. The trial is of the guilt or innocence of the particular offense of the party charged. It is not, and can not be converted into, a trial of the good faith of the person making the affidavit. Nor can any inquiry be made, whether the facts in his knowledge, or on which he based his belief, constituted probable

[Sullivan v. The State.]

cause, or were sufficient to generate a reasonable belief of the guilt of the accused. It is not for such inquiries, or for their determination, the court sits.—*Sale v. The State*, at present term. Nor is there, if it should appear that the affiant made the affidavit on facts within his own knowledge, an election by the State to proceed for a conviction on such facts.

The accusation, like an indictment, includes and involves but one offense. That it does include and involve one offense, as fully and completely as would an indictment found by a grand jury, returned into the Circuit Court, is equally true. As a general rule, the State can offer evidence of but one offense to support the accusation. If evidence of more than one is offered, the defendant may compel the State to elect the one or the other, as the single offense for which he is to be prosecuted. Or, if the State gives evidence, identifying or individualizing a particular act or acts as constituting the offense, an election is made, which can not be retracted subsequently, and other distinct act or acts proved.—*Smith v. State*, 52 Ala. 384. The election can be made by, or forced on the State, only upon the trial of the cause. It is not made, and can not be compelled, at any other time ; and can only be made, or compelled, under the circumstances stated. The election made by the State, and the only election made before the trial, was to prosecute the accused for the carrying of concealed weapons. There was no election to prosecute him only on the evidence of Robinson, who made the accusation, and there was no right in the accused to compel such an election— in other words, to elect himself, for the State, the act or acts for which he should be prosecuted ; for to this complexion comes at last the objection made in the County Court, and it was properly overruled.

The charge requested by the appellant ought to have been given. The evidence referred to had no bearing on the guilt or innocence of the accused, and there was propriety in so instructing the jury, that they might be careful not to weigh it against him.

Let the judgment be reversed, and the cause remanded ; the defendant will remain in custody, until discharged by due course of law.