# Nelson *v.* The State.

<table>
<tr><td>97</td><td>79</td></tr>
<tr><td>108</td><td>463</td></tr>
</table>

*Prosecution for Practicing Medicine Without License.*

1. *License not required of physicians.*—Under section 4078 of the Code of 1886, as amended, acts 1890–91, p. 857, a license is not required of a physician, but the prohibition from the practice of medicine extends to those "without a certificate of qualification."

2. *Elements of offense wanting.*—It is not a violation of the statute for one who does not solicit patronage, who does not hold himself out as a physician or pretend to be one, as a neighbor and friend to give medicine to a sick person without compensation.

APPEAL from Pike Criminal Court.

Tried before Hon. W. H. PARKS.

This prosecution was commenced by an affidavit, which omitting formal parts charges, "that the offense of practicing medicine or surgery without a license has been committed in said county by Charles Nelson about the —— day of June, 1892."

Demurrers were filed as follows:

1. There is no offense set out in the affidavit and complaint.

2. The affidavit fails substantially to follow the words of the statute.

3. The affidavit fails to aver that defendant practiced medicine or surgery without a certificate of qualification.

R. L. WILLIAMS, for appellant, insisted that the complaint was defective; citing *Brooks v. State*, 88 Ala. 122; *U. S. v. Ambrose*, 2 Fed. Rep. 556. 1 Rapaljes Dic. p. 756; 63 Ala. 55; 53 *Ib.* 481; 44 *Ib.* 414; 45 *Ib.* 68; 71 *Ib.* 344. That the charge of the court was erroneous.—*Gooden v. State*, 55 Ala. 178; *Bain v. State*, 61 Ala. 75.

W. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—We presume the complaint in this case was framed under section 4078 of the Criminal Code, as it is there written. That section makes it a violation of law to practice medicine "without having first obtained a license, or diploma or certificate of qualification," &c. The complaint charges that the defendant practiced medicine "without a license."

By act of the Legislature of February 18th, 1891,—Acts of 1890–91, p. 857—section 4078 was amended so as to read as follows : "Any person practicing medicine or surgery in this State without having first obtained a certificate of qualification from one of the authorized boards of medical examiners of this State shall be guilty of a misdemeanor," &c. In the amendatory act, the words "license or diploma" are omitted, and the prohibition is made to extend to those who practice medicine "without a certificate of qualification."

Under the amended act, a person is not required to have a license. The words "license," "diploma" and "certificate of qualification" were considered in the case of *Brooks v. The State*, 88 Ala. 122, and it was there held that these words, as used in section 4078 of the Criminal Code, did not refer to and mean the same thing. If further argument was required, a reading of section 1297 of the Civil Code would demonstrate the correctness of that conclusion.

The complaint ought to have been quashed.

The court erred in the charge to the jury. It was the duty of the court to instruct the jury as a matter of law what acts amounted to a violation of the statute, and it was for the jury to ascertain whether the facts existed. We are of opinion that it is not a violation of the statute for a person who does not solicit patronage, who does not hold himself out as a physician, and does not pretend to be a physician, to simply advise or give medicine to a sick person, merely as a neighbor and friend and make no charge and not expect any compensation for his services. Of course the law would not countenance any evasion of its provisions, by the reception of gifts directly or indirectly. We do not hold

[Olds v. The State.]

that the legislature in the exercise of its police power, could not prohibit such friendly services. We simply say the act as framed, does not have this effect.

Reversed and remanded.