(88 South. 371)

**GULLATT v. STATE. (7 Div. 677.)**

(Court of Appeals of Alabama. June 28, 1920. Rehearing Denied Nov. 9, 1920.)

**1. Indictment and information ⊜⇒19 — Indictment for practicing medicine without license held sufficient in form.**

An indictment for practicing medicine "without having first obtained a certificate of qualification from the state board of medical examiners," *held* sufficient within Code 1907, § 7161, requiring the form of the indictment to be "without a license, and contrary to law," in view of sections 7133 and 7134.

**2. Physicians and surgeons ⊜⇒6(9)—Indictment for practicing medicine without license need not specify system used.**

An objection that an indictment for practicing medicine without a license fails to allege what system of medicine was practiced by defendant is without merit; Code 1907, § 7564, being directed at any system practiced without the certificate of the board.

**3. Criminal law ⊜⇒429(1)—In prosecution for practicing medicine without license, certificate held properly excluded.**

In a prosecution for practicing medicine without a license, a certificate introduced as showing authority to practice *held* not sufficiently to conform to Code 1886, §§ 1306 and 1307, and hence it was not error to exclude it.

Appeal from Circuit Court, Cherokee County; W. W. Harralson, Judge.

John Alva Gullatt was convicted of practicing medicine without a license, and he appeals. Affirmed.

The defendant was convicted on a charge of treating diseases of human beings without having first obtained a certificate of qualification from the state board of medical examiners, and from the judgment he appeals.

J. M. Miller, of Gadsden, for appellant.

The indictment was not in Code form and was not sufficient. The certificate of the board of censors of Jackson county authorized the practice of medicine. Acts 1890–91, p. 857; section 1301, Code 1907.

J. Q. Smith, Atty. Gen., for the State.

No brief came to the Reporter.

SAMFORD, J. The indictment was in two counts, as follows:

"(1) The grand jury of said county charge that, before the finding of this indictment John Gullatt, alias Dr. John Gullatt, alias John Alva Gullatt, practiced medicine in Cherokee county, Ala., without having first obtained a certificate of qualification from the state board of medical examiners.

"(2) The grand jury of said county further charge that, before the finding of this indictment, John Gullatt, alias Dr. John Gullatt, alias John Alva Gullatt, treated or offered to treat diseases of human beings, without having obtained a certificate of qualification from the state board of medical examiners against the peace and dignity of the state of Alabama."

These counts were demurred to, and the demurrer overruled.

Section 7134 of the Code of 1907 provides:

"7134. *Statement of Offense.*—The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force of arms' or 'contrary to the form of the statute' necessary."

Section 7133 of the Code of 1907 provides:

"7133. *Formal Defects Not Fatal.*—An indictment must not be held insufficient, nor can the trial, judgment, or other proceedings thereon, be affected by reason of any defect or imperfection in any matter of form which does not prejudice the substantial rights of the defendant on the trial."

[1, 2] The only difference between the form prescribed in Code, § 7161 (form 84) and count 1 of the indictment lies in the fact that the Code form ends "without a license, and contrary to law," while the indictment ends "without having first obtained a certificate of qualification from the state board of medical examiners." This, in effect, is the same thing; the certificate of qualification from the state board being the required license. Neither of the counts are subject to the demurrers interposed, they being expressed in ordinary and concise language in such manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. The contention that the indictment does not

allege what "system" was practiced by defendant is without merit, as the statute (Code 1907, § 7564) is directed at any system practiced without the certificate of the board, and not against the system, but a practice of the system without certain technical knowledge fixed by law. Fealy v. City of Birmingham, 15 Ala. App. 367, 73 South. 296.

On the trial the state offered testimony sufficient to sustain a verdict of conviction as charged in the indictment, and closed. The defendant admitted the facts testified to by the state's witness, but replied by offering the following paper:

"This is to certify that John Alva Gullatt, a graduate of the Chattanooga Medical College, class 1895, after thorough examination by the Board of Censors through the power vested in it by the State Medical Association was found proficient and is hereby authorized to practice in all branches in the state of Alabama. Given at Scottsboro, Ala., this the 20th day of May, 1895. J. P. Rorax, Andrew Boyd, J. H. Boyd, Censors."

It was testified by the defendant when being examined as a witness in his own behalf that the parties signing the paper constituted the board of censors of Jackson county, Ala. The defendant testified that he filed the certificate with the judge of probate of Jackson county on May 20, 1895, and with the judge of probate of Cherokee county on July 17, 1915. There was an indorsement of filing by the judge of probate of Cherokee county July 17, 1915, but no certificate of the filing as required by law in Jackson county, the county where the certificate purports to have been issued; and it is a matter of interest to note that the official records of the state disclose the fact that at the time of the purported examination of the certificate none of the signers were members of the board of censors for Jackson county. On the contrary, the board consisted of E. K. Moon, J. B. Haralson, E. R. Smith, W. C. Maples, and A. N. Blakemore, none of whom signed the purported certificate.

The solicitor objected to the certificate as evidence, the objection was sustained, and defendant excepted. Section 1306 of the Code of 1886, which was the law governing the issuance of this certificate, provides:

"1306. *Certificate of Qualification and Licenses to be Recorded.*—The certificate of qualification, issued by an authorized board of medical examiners, is a license to the person to whom it is issued, for the purposes therein expressed, and confers authority to practice medicine, or as a druggist, or to deal in drugs or medicines, throughout the state. Such certificate must be recorded in the office of the judge of probate of the county in which the person to whom it is issued may reside at the time of the issue; and upon the record thereof, the judge of the court of probate must indorse thereon a certificate of the fact of record, which must be signed by him, and to which he must affix the seal of the court; and for the record

and certificate he is entitled to a fee of one dollar."

Section 1307 of the Code of 1886 is as follows:

"1307. *Proof of Certificate.*—Such certificate, the record thereof being certified by the judge of probate, is evidence of the authority of the person therein named to practice medicine, or as a druggist, or as a dealer in drugs or medicines; and if the original be lost, a certified copy of the record is sufficient evidence."

[3] The certificate offered does not conform to the statutes, and its exclusion from the evidence was therefore without error. With this evidence eliminated, the court did not err in giving the general charge as requested in writing by the state.

We find no error in the record, and the judgment is affirmed.

Affirmed.