(97 South. 251)

### FRAZIER v. STATE. (1 Div. 504.)

(Court of Appeals of Alabama. April 17, 1923. Rehearing Denied June 30, 1923.)

**1. Names ⬤═16(2)—"Frazier" and "Fraser" held "idem sonans."**

The names "Frazier" and "Fraser" are idem sonans, which is a term applied to names having substantially the same sound, though varied in spelling.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Idem Sonans.]

**2. Criminal law ⬤═678(4)—State's election to prosecute for specific offense of treating certain person for disease barred conviction at second trial for treatment of another person.**

Where accused was charged with unlawfully treating human diseases under Code 1907, § 7564, as amended by Acts 1915, p. 661, providing that failure to obtain a certificate of qualification by a person treating human diseases shall constitute a misdemeanor for each offense, a conviction on the testimony of a witness who had not testified at the previous trial was erroneous, since the complaint charged one offense, and under the doctrine of election the state, after having elected to specify the particular offense in the previous trial of treating a certain person, could not on the second trial prove another distinct offense of treating another person.

**3. Physicians and surgeons ⬤═6(9) — State need not allege or prove that person unlawfully treated for disease was in fact diseased.**

In a prosecution under Code 1907, § 7564, as amended by Acts 1915, p. 661, providing that a failure to obtain a certificate of qualification by one treating or offering to treat human diseases, shall constitute a misdemeanor, the state is not required to allege or prove that the person treated in fact had a disease.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Ida A. Frazier was convicted of practicing medicine without license, and appeals. Reversed and remanded.

Hybart & Hare, of Monroeville, for appellant.

Under the doctrine of election the state cannot set out to prove one offense and later prove another distinct offense. Carlton v. State, 100 Ala. 130, 14 South. 472; Smith v. State, 52 Ala. 384; Sullivan v. State, 68 Ala. 525; Elam v. State, 26 Ala. 48; Barefield v. State, 14 Ala. App. 638, 72 South. 293; 16 C. J. 586.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The expression in the statute, "each offense," relates to a continuing offense. Code 1907, § 7564; 1 Words and Phrases, Second Series, 975; Com. v. Standard Oil Co., 120

Ky. 724. 87 S. W. 1090; State v. McAnich, 172 Iowa, 96. 154 N. W. 399, Ann. Cas. 1918A, 559; 12 Cyc. 412; 16 C. J. 268; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782.

BRICKEN, P. J. [1] The names "Frazier" and "Fraser" are idem sonans; that is to say, they have the same sound. The term idem sonans applies to names which are substantially the same in sound though varied in spelling. "Idem Sonans" is said to exist if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long continued usage has by corruption or abbreviation made them identical in pronunciation, and the rule does not require absolute accuracy in spelling names; it is sufficient if the spelling thereof conveys to the ear, when pronounced according to the commonly accepted methods, a sound practically identical with the correct name. For these reasons the defendant's plea of misnomer, in which it was averred that her true name was "Fraser" and not "Frazier," was without merit, and the court properly so held.

[2] This is the second appeal in this case, and upon reference to the original record on the former appeal (93 South. 925 [1]), as well as the following statement in the bill of exceptions, to wit: "It was then agreed in open court that in the former trial of this case in this court, which case was appealed to the Court of Appeals and reversed, that the only transaction testified about was as to the treatment of Mrs. Blanton and Mrs. Turberville, and there was no evidence of any treatment of Mrs. King"—we find that the insistence of the defendant is correct, and that the prosecution in the case at bar is predicated upon and the conviction of the defendant had upon the testimony of a witness not examined by either party on the former trial, and while, of course, the defendant was tried upon the same complaint, the court, over the objection of the defendant, permitted the state to offer evidence of other and different offenses from the alleged offense relied upon for a conviction in the first instance. The insistence of defendant in this connection is aptly stated, we think, by brief of counsel.

It is apparent from the statute under which defendant is prosecuted (Code 1907, § 7564, as amended by Acts 1915, p. 661) that one single treatment of any one individual for any disease of human beings would be an offense for which the defendant could be prosecuted and convicted; the statute in question expressly providing that upon conviction the defendant shall be fined for each offense not less than $50, etc., and that in order to secure a conviction, or to constitute a violation of the act in question, the prosecution would not be required to prove a series of treatments; that each treatment administered without the necessary certificate of

qualification constitutes a distinct offense against the statute.

The complaint contains only one count; only one offense is charged. The present case is unlike that of Gullatt v. State, 18 Ala. App. 21, 88 South. 371, wherein the defendant was charged both with practicing medicine without a certificate of qualification, and treating or offering to treat diseases of human beings without such certificate, in separate counts. The practice of medicine implies a series of acts continuous in their nature. Neither is the case analogous to cases keeping open shop on Sunday, or keeping prohibited liquors for sale, but is analogous to the charge of selling prohibited liquors. Where a defendant is charged with practicing medicine, each particular treatment is a constituent part of the whole charge, one single charge; but where the defendant is charged with unlawfully treating human diseases each treatment administered to the same or different patients is of itself a specific offense, and any such single, separate treatment may be made the basis of a prosecution and conviction for a violation of the statute, the statute so providing. It is the law that each count in an indictment or complaint charges but one offense, and that there can be a conviction but for one offense under each count.

It follows therefore that the court was in error in permitting the testimony of Mrs. King as to her individual transactions with the defendant.

The defendant properly contends in this case that the complaint charged but one offense; that the state on the former trial, in developing its case, individualized and particularized the specific offense of treating a Mrs. Turberville; and that, under the doctrine of election, the state will not now, on this second trial, set out again to prove this same offense and wind up by proving another distinct offense—that of treating Mrs. King—and ask a conviction for this offense.

"When there is but one count charging a single offense, the law presumes the defendant comes to trial prepared to meet the single charge, and the prosecution will not be permitted, after once having elected, to introduce evidence of another and different offense." Carlton v. State, 100 Ala. 130, 14 South. 472.

"As a general rule, the state can offer evidence of but one offense to support the accusation. If evidence of more than one is offered, the defendant may compel the state to elect the one or the other, as the single offense for which he is to be prosecuted. Or, if the state gives evidence, identifying or individualizing a particular act or acts as constituting the offense, an election is made, which cannot be retracted subsequently, and other distinct act or acts proved." Smith v. State, 52 Ala. 384; Sullivan v. State, 68 Ala. 525.

In the case of Smith v. State, supra, the reasons of the rule, or doctrine, of election is stated as follows:

---

[1] 18 Ala. App. 686.

"The theory of the principle on which the public prosecutor (when an indictment is so framed as not to designate the particular transaction or act to which it refers, or contains several counts charging the offense to have been committed in different ways) is compelled to elect on what count of the indictment, or the particular transaction or act exhibited in proof, for which he will proceed, is the prevention of prejudice to the defendant, in the eyes of the jury, by bringing against him evidence tending to show crimes for which he is not really indicted, and for which he is not finally to answer; to avoid building up and supporting a verdict of guilty in a prosecution for one offense, by evidence of defendant's guilt of another. The principle * * * is applicable only when evidence is given of different and distinct transactions."

The state contended that this is a case where the guilt of the defendant might consist of one or a series of acts, and that consequently there was no reason for an election, and the court so ruled; but in this there was error, for it is too plain for argument that the defendant might have been convicted under a charge for treating state witness Mrs. Turberville, had sufficient evidence been produced, and that her conviction for this particular offense would have been no bar to a subsequent prosecution for the treatment of state witness Mrs. King. It clearly appears that the defendant was convicted on the former trial of treating Mrs. Turberville, and on this trial the state sought to build up and support a verdict of guilty in a prosecution for one offense by evidence of defendant's guilt of another. In the case of Elam v. State, 26 Ala. 48, which has been cited with approval by the Supreme Court and this court many times, as shown by Shepherd's Annotations, and which case is particularly applicable here, as it was the second trial of the defendant, the court said:

"We think, however, the court erred, in not confining the state to the same offense in relation to which evidence had been offered on the former trial. * * * We have laid down the rule generally, and think that, after the election is once made by offering evidence on the part of the state, it holds through all future stages."

In the case of Barefield v. State, 14 Ala. App. 638, 72 South. 293, this court said:

"The doctrine of election is a beneficent rule which accords with the humanity and spirit of our laws; and, per contra, a failure to exercise it by the dragnet process indicated would profane the sacred offices of the law and not infrequently convert it into an engine of oppression."

But, aside from any question of election on the part of the state, the admission for any purpose of the testimony of state witness Mrs. King, in this case, violated a substantive law of evidence, for the general rule is that, on a prosecution for a particular crime, evidence which in any manner shows, or tends to show, that the accused has committed another crime wholly independent from that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible. Dennison v. State, 17 Ala. App. 674, 88 South. 211; 16 C. J. 586, § 1132, K, and many Alabama cases cited supporting the text. 1 Mayfield, 333.

As stated in these cases there are exceptions to this general rule as well pointed out in Dennison's Case, supra, and in Moore v. State, 10 Ala. App. 179, 64 South. 520, where the admission of such other similar offenses are necessary "to show scienter or intent, establish identity, complete the res gestæ, show motive, or make out a chain of circumstantial evidence of guilt in respect to the act charged." While, in this case, the evidence of the treatment of Mrs. King was not necessary for any of the above enumerated purposes, after the court had overruled defendant's objection to the legality, relevancy, and materiality of the evidence, the defendant then moved the court to limit the evidence of Mrs. King to the above purposes, and this objection was overruled also. The court stating:

"I shall hold that, if she made any treatments of different individuals for human diseases in any manner whatsoever, she may be here convicted for the treatment of such different individuals."

In this there was also error. Authorities, supra.

The question propounded to Mrs. King by the solicitor, "What did the defendant charge you for these treatments?" was immaterial and irrelevant, and the court erred in overruling the objection to the question and in not excluding the answer. The question as to whether or not the defendant charged for the treatments had nothing to do with the case. It is in no way an element of the crime denounced by the statute; the offense is complete without the making of any charge, and it was not shown to be a part of the res gestæ. Moreover, the charge might have been made long before or after the treatment.

But aside from what has been said, we are of the opinion that the defendant was entitled to the affirmative charge because of the insufficiency of the evidence, adduced upon this trial, to sustain the material allegations of the complaint. There was no testimony that state witness Mrs. Turberville had a disease, and it was incumbent upon the state to show that she was treated for a disease of human beings. She merely testified that her arms kept going to sleep, feeling cold, and also one of her sides was cold. She also testified, "I do not know whether I had any disease or not." The court itself stated, "I do not know whether that is a disease or not." If neither the court nor the witness knew whether the witness was suffering from

a disease, the jury could not be expected to know it. It was the duty of the state to show that the witness was treated for a disease in order to sustain this material averment in the complaint.

The court committed error in giving the general affirmative charge at the request of the state.

Reversed and remanded.

SAMFORD and FOSTER, JJ., (concurring). We concur in the conclusion as to a reversal of this judgment on the ground that the state is held to an election, and on that point we adopt the opinion as prepared by BRICKEN, P. J.

[3] We are not, however, of the opinion that, in a prosecution under this statute, the state must either allege or prove that the person treated in fact had a disease. We think that the construction of the statute by the presiding judge is entirely too narrow to meet the evil aimed at by the Legislature. The statute reads: "Any person who treats, or offers to treat diseases of human beings in this state by any system of treatment, whatsoever," etc. Acts 1915, p. 661. Whether the person receiving the treatment, or offered to be treated, has a disease or not, does not relieve the person treating, or offering to treat, from criminality. The fact that one claiming to be able to treat diseases of the human body offers to treat a person for a disease which that person did not have would be the worst kind of "quackery," and was one of the things aimed at by the statute. Again, if it should be held that the person offered to be treated must, in fact, be affected by the disease offered to be treated, each case would present a case for the highest and most technical investigation, involving diagnoses and other questions of pathology and scientific medicine. Such, certainly, was never in the minds of the Legislature.

We concur in the reversal, but the above is the ruling of this court on the refusal of the trial court to give at the request of defendant the affirmative charge.