## FASON v. STATE. (6 Div. 264.)

(Court of Appeals of Alabama. Jan. 15, 1924.)

**1. Criminal law ⚯276—Plea to jurisdiction must be verified by affidavit.**

Under Code 1907, § 7567, a plea to jurisdiction is a plea in abatement, and must be verified by affidavit, unless its truth appears by some matter of record or some other written evidence accompanying it.

**2. Criminal law ⚯218(2)—Inferior court may not issue warrant returnable to circuit court unless authorized.**

A justice of the peace or judge of an inferior court may not issue warrants returnable to the circuit court unless specifically authorized.

**3. Criminal law ⚯218(2)—Inferior court authorized to issue misdemeanor warrant returnable to circuit court.**

Under Loc. Acts 1915, p. 134, § 6, judge of the inferior court of Bessemer is authorized to issue warrants in misdemeanor cases of which he has no final jurisdiction returnable to the Bessemer division of the circuit court.

**4. Physicians and surgeons ⚯6(9)—Affidavit held to charge practice of chiropractic system without, certificate.**

Affidavit charging that defendant treated or offered to treat diseases of human beings by chiropractic system, or some other system, held, in view of Code 1907, § 7136, and section ·7564, as amended by Gen. Acts 1915, p. 661, to charge sufficiently that the system of treatment used was chiropractic.

**5. Physicians and surgeons ⚯2—Statute requiring certificate of qualification valid exercise of police power.**

Code 1907, § 7564, as amended by Gen. Acts 1915, p. 661, providing that treating, or offering to treat, diseases of human beings without having obtained certificate of qualification therefor, shall be a misdemeanor, is a valid exercise of state's police power.

**6. Physicians and surgeons ⚯6(1) — Chiropractors ·must obtain certificate of qualification.**

Certificate of qualification is required before one may hold himself out to treat diseases of human beings' by any system whatsoever and one practicing chiropractic, who fails to obtain it, violates Code 1907, § 7564, as amended by Gen. Acts 1915, p. 661.

**7. Indictment and information ⚯72—Affidavit in alternative held demurrable.**

An affidavit charging defendant with treating or offering to treat diseases by chiropractic system, "or some other system," being in the alternative, was indefinite, uncertain, and demurrable for not naming ·the other system relied on, or averring that same was unknown.

**8. Indictment and information ⚯132(2) — State required to elect for which offense it prosecutes.**

Since ,Code 1907, § 7564, as amended by Gen. Acts 1915, p. 661, makes every·treatment of human diseases by one not possessing a cer-

tificate of qualification a separate offense for which defendant may be fined, where affidavit charges more than one offense, state may be required to elect.

**9. Physicians and surgeons ☞6(10) — Evidence of all treatments admissible against practitioner.**

If defendant is charged with practicing medicine without license, evidence of all his treatments of patients as practitioner of medicine would be admissible.

**10. Physicians and surgeons ☞6(10) — Evidence of payment for treatments held incompetent unless part of res gestæ.**

In prosecution for treating human diseases without certificate of qualification therefor, it was not competent to show that defendant was paid for treatment unless it was shown to be part of the res gestæ of the treatment.

**11. Physicians and surgeons ☞6(1) — Treatment for pain held practicing; "treat."**

Treatment for pain in the neck, or any other physical ailment, is within Code 1907, § 7564, as amended by Gen. Acts 1915, p. 661, providing that no one shall treat human diseases without certificate of qualification from the state board of medical examiners.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

H. C. Fason, alias Clay Fason, was convicted of treating diseases of human beings without license, and appeals. Reversed and remanded.

Goodwyn & Ross, of Bessemer, for appellant.

In the absence of statutory authority, a justice of the peace cannot issue a warrant and make it returnable to the circuit court. Sanders v. State, 16 Ala. App. 531, 79 South. 312; Russau v. State, 15 Ala. App. 120, 72 South. 596; Loc. Acts 1915, p. 134. When evidence of a series of offenses is offered by the state, the state should be required to elect, on motion of the defendant, which particular offense the state will rely upon for a conviction. Frazier v. State, ante, p. 322, 97 South. 251; Barefield v. State, 14 Ala. App. 638, 72 South. 293. Whether the appellant was paid anything for the alleged services rendered was immaterial and irrelevant to the issue of this case. Frazier v. State, ante, p. 322, 97 South. 251.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The prosecution was commenced by affidavit made before the judge of the inferior court of Bessemer, upon which warrant was issued returnable to the circuit court. The affidavit charged that the defendant "did treat or offer to treat diseases of human beings in this state by chiropractic system, or some other system, without having first obtained a certificate of qualification from the state board of medical examiners."

[1] Defendant filed a plea to the jurisdiction of the court on the ground that the prosecution was based on an affidavit and warrant issued from the inferior court of Bessemer returnable to the Bessemer division of the circuit court of Jefferson county, and was not based upon an indictment found by the grand jury, nor did it come to the circuit court by appeal.

A plea to the jurisdiction of the court is a plea in abatement, and must be verified by affidavit, unless its truth appears by some matter of record, or other written evidence accompanying it. Section 7567, Code 1907.

[2] A justice of the peace or judge of an inferior court may not issue warrant returnable to the circuit court unless specifically authorized by law. Sanders v. State, 16 Ala. App. 531, 79 South. 312; Russau v. State, 15 Ala. App. 120, 72 South. 596.

[3] The act establishing the inferior court of Bessemer in section 6 contains the following provision:

"Said judge shall be conservator of the peace, and shall have the power to sit as committing magistrate in cases now provided by law for justices of peace in said county, and may take affidavits and issue warrants in felony cases returnable before himself, when he has final jurisdiction of the offense, or, in cases where he does not have final jurisdiction, to any court having final jurisdiction thereof." Local Acts 1915, p. 134.

The quoted section is confusing. The judge of the inferior court of Bessemer is given authority to "take affidavits and issue warrants in felony cases returnable before himself, when he has final jurisdiction of the offense," and he is not given final jurisdiction in any felony cases. And he is given authority to issue warrants, "in cases where he does not have final jurisdiction, to any court having final jurisdiction thereof." This was held in Reese v. State, 16 Ala. App. 430, 78 South. 460, to give authority to the judge of the inferior court of Bessemer to issue warrants in misdemeanor cases, of which he has not final jurisdiction, returnable to the Bessemer division of the circuit court.

[4] "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning." Section 7136, Code 1907.

The prosecution was under section 7564, Code 1907:

"Any person who treats or offers to treat diseases of human beings in this state by any system of treatment whatsoever, without having obtained a certificate of qualification from the state board of medical examiners, shall be guilty of a misdemeanor," etc.

The affidavit charges that defendant "did treat or offer to treat diseases of human be-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ings in this state by chiropractic system, or *some other system*" (italics ours). The affidavit sufficiently charged that the system of treatment used was chiropractic.

[5] The Palmer conception of the definition of chiropractic—

"is the philosophy, science and art of things natural and a system of adjusting the subluxated vertebræ of the spinal column, by hand, for the restoration of health."

The statute is not directed against any particular system of treatment, but requires that any person treating or offering to treat diseases of human beings by any system of treatment whatsoever shall first obtain a certificate of qualification from the state board of medical examiners. This statute has been repeatedly upheld by our courts as a valid exercise of the police power of the state.

[6] One need not be a "medical" doctor, or one who prescribes drugs or medicines for human diseases, in order to be amenable to this statute against "practicing medicine without license." A certificate of qualification from the state board of medical examiners is required before one may hold himself out to the public to treat diseases of human beings by any system whatsoever. A person practicing chiropractic must have such certificate, and failing to obtain it he is guilty of a violation of the law. Bragg v. State, 134 Ala. 165, 32 South. 767, 58 L. R. A. 925; Williamson v. State, 16 Ala. App. 392, 78 South. 308; Frazier v. State, ante, p. 322, 97 South. 251; Thompson v. State, ante, p. 328, 97 South. 258.

[7] The affidavit undertakes to describe the system of treatment as chiropractic or some other system. It may not be necessary to describe the system of treatment, but it certainly was sufficient to name the system chiropractic. When the alternative "or some other system" was added, these words made the affidavit indefinite and uncertain.

While the statute mentions "any system" and the system may not be described, yet where a system is named, and in addition thereto "or some other system" is averred, it should be named, or the affidavit should aver that it was unknown to affiant. The affidavit was demurrable for not naming the other system relied on or averring that the same was unknown. Thomas v. State, 156 Ala. 166, 47 South. 257; Hornsby v. State, 94 Ala. 55, 10 South. 522; Smith v. State, 142 Ala. 14, 39 South. 326; Johnson v. State, 32 Ala. 583; Rogers v. State, 117 Ala. 192, 23 South. 82.

[8] The statute under which defendant was prosecuted (Code 1907, § 7564, as amended by Gen. Acts 1915, p. 661) makes each treatment a separate offense, and provides that upon conviction the defendant may be fined for each offense. Each treatment administered without the necessary certificate of qualification constitutes a distinct offense,

and the state may be required to elect for which treatment it prosecutes. Frazier v. State (Ala. App.) 97 South. 251; [1] Barefield v. State, 14 Ala. App. 638, 72 South. 293. It may be that evidence of more than one treatment of the same or other persons might be admissible if limited to the purpose of showing the guilty knowledge of the defendant in administering the treatment for which the state elects to prosecute. But this question is not raised in this case.

[9] If the defendant is charged in the complaint or indictment with practicing medicine without license, evidence of all his treatments of patients as a practitioner of medicine would be admissible.

[10] It was not competent to show that defendant was paid for the treatment, unless this was shown to be part of the res gestæ of the treatment. Frazier v. State, supra.

[11] The witness Robert Martin testified that he was not sick, but had a pain in the neck at the time he went to the defendant for treatment. A treatment for "pain in the neck," or any other physical ailment, is within the meaning of the statute.

From what has been said above, it follows charges requested by the defendant.

For the errors indicated, the judgment of that the court did not err in its refusal of the the circuit court is reversed and the cause is remanded.

Reversed and remanded.