18 So.2d 104

**STRUMPF v. STATE.**

6 Div. 52.

Court of Appeals of Alabama.

April 11, 1944.

Rehearing Denied May 9, 1944.

410

See, also, 243 Ala. 441, 10 So.2d 461.

Horace C. Wilkinson, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Appellant was convicted in the circuit court of selling real estate without a real estate salesman's or broker's license as required by Chapter 14, Title 46, Sections 298 et seq. of the 1940 Code of Alabama. (The report of the case will contain Section 299.)

Trial was upon an agreed statement of facts which is incorporated in the record as the bill of exceptions. This agreed statement of the evidence shows: Polakow's Realty Experts, Inc., a corporation doing business in Bessemer, was the owner of certain real estate known as Garden Highlands and subdivided the property into lots and put these lots on the market for sale, through its regularly employed agents, some working for a straight salary and others on commission. The exclusive business of said corporation, during the proscriptive period of the indictment, was the purchasing and subdividing of acreage into lots and the selling of said lots to the public through its said employees. Appellant was selling said lots on commission and devoted his entire time to this employment. He was employed by no one else. This was his exclusive vocation and his duties were to find prospects and sell the lots owned by said corporation, making contracts of sale in the name of said corporation as owners thereof. The agreed stipulation of facts further recites that appellant was a regular employee of said corporation.

The overall question presented by the appeal is whether or not, under this state-

ment of the evidence, appellant would be liable for a State license as a real estate salesman or broker.

By the terms of the act (Section 299) a "real estate broker", to be liable for a license for selling real estate, must "for a compensation or valuable consideration, sell(s) * * * real estate * * * for others", and a "real estate salesman", to be so liable, must be "employed" by such real estate broker.

■ Manifestly, the corporation was not a broker within the meaning of the act because it did not (to use the language of the act) "for a compensation or valuable consideration, sell(s) or offer(s) for sale, buy(s) or offer(s) to buy, negotiate(s) the purchase or sale or exchange * * *, or * * * lease(s) or offer(s) to lease, rent(s) or offer(s) for rent, any real estate or the improvements thereon for others." In other words, the corporation was not a broker because it was engaged in doing no business for others. It was selling its own real estate exclusively. Appellant, therefore, was not a real estate salesman (not employed by a broker) and therefore was not liable for a real estate salesman's license.

■ But was he a broker under the statute? We think not, under the statement of facts, because it was therein agreed that appellant was a regular employee of the corporation, and the following proviso in Section 299 exempts from liability the corporation's regular employees with respect to the property it owned, where the sales were made, as here, by said employees in the regular course of, or as an incident to, the business of their principal, to-wit: "The provisions of this chapter shall not apply to any person, co-partnership, association or corporation, who as owner or lessor shall perform any of the acts aforesaid with reference to property owned or leased by them, or to the regular employees thereof, with respect to the property so owned or leased [by them], where such acts are performed in the regular course of, or as an incident to, the management of such property and the investment therein."

Such is the connotation in the observation of Mr. Justice Bouldin of our Supreme Court in the case of Knight v. Watson, 221 Ala. 69, 127 So. 841, 842, where this same proviso was under consideration. It was there pointed out that "the above-quoted exception is limited to regular employees performing acts in the regular course of or as incident to the management of the property", but does not exempt a person who for profit takes occasion to make "a sale of property as to which he has no relation as a regular employee of the owner."

■ This construction is also consonant with the universal principle that a corporation acts, and can only act, through its agents. It is not easily conceivable that the Legislature would enact that a principal (as owner) could sell its own property without responsibility under the act (though to sell it must do so through its agents), but that it could not do so when acting by and through its duly constituted and regularly employed agents. To adopt this illogical construction would have the effect of proscribing sales of real estate by corporation owners and thereby discriminating against them, meanwhile leaving free of statutory control individual persons selling their own real estate.

■ This interpretation likewise comports with the generally accepted distinction between an agent, regularly employed by one principal and devoting his entire time to this employment, and a broker, holding himself out to the public to engage, on a commission, to negotiate contracts relative to property indiscriminately and regardless of ownership.

"A broker is distinguished from an agent, in that a broker holds himself out for employment by others, and acts as an intermediate negotiator between the parties to a transaction, and in a sense is the agent of both parties, whereas the element of exclusiveness of representation of the principal by which he is employed enters into the employment of an agent." 12 C.J. S., Brokers, p. 8, § 3; Stratford v. City Council of Montgomery, 110 Ala. 619, 625, 20 So. 127; City of Lake Charles v. Equitable Life Assurance, 114 La. 836, 38 So. 578; Rattray v. W. P. Brown & Sons Lumber Co., 29 Ala.App. 93, 96, 192 So. 285.

Another observation with respect to the proviso aforesaid is perhaps timely. As regards appellant, he must be ruled as exempt from license because the evidence, according to agreement of the parties, stipulated that he was a "regular employee" of the owner of the property, selling said property in the regular course of business as

such employee. This stipulation in the evidence that he is such regular employee rescues him from liability under the act and makes it unnecessary to here discuss the distinction between an agent regularly employed by and acting for a principal and an independent contractor selling on commissions. For some authorities dealing with the distinction, see Magnolia Petroleum Co. v. Pierce, 132 Okl. 167, 269 P. 1076, 61 A.L.R. 223 et seq.; In re Murray, 130 Me. 181, 154 A. 352, 75 A.L.R. 725 et seq.; Nichols v. Hubbell, 92 Conn. 611, 103 A. 835, 19 A.L.R. 226 et seq.; Huebner v. Industrial Comm., 234 Wis. 239, 290 N.W. 145, 126 A.L.R. 1113; P. F. Collier & Son v. Hartfeil, 8 Cir., 72 F.2d 625.

It should also be noticed that had the corporation been engaged in selling real property for others, rather than that of exclusively selling its own, then it would have been liable under the statute as a broker and appellant as a real estate salesman. Sec. 299. The evidence in the record, however, presents no such situation.

■ The argument of learned counsel representing the State that certain evil results might entail by exempting from State control such regular employees of real estate dealers, whose exclusive business is selling their own real property, leaves us unconvinced that a different interpretation, than that hereinabove, should be accorded the statute. Sufficient is the response that it is the province of the courts to construe and apply the law as it is, not as it might or should have been.

It is contended for appellant that all four counts of the indictment were subject to the demurrers interposed.

■ An obvious defect in Counts 1 and 2 is the denomination of the defendant "as agent" or salesman. The alternative averment, "as agent", is wholly without the statute and its inclusion in the counts rendered them defective. Abercrombie v. State, 8 Ala.App. 326, 62 So. 966; Mastoras v. State, 28 Ala.App. 123, 126, 180 So. 113; Watson v. State, 140 Ala. 134, 37 So. 225. A salesman, selling for others, may be an agent, but every agent is not a real estate salesman under the statute. Such is the rationale in Stratford v. City of Montgomery, 110 Ala. 619, 625, 20 So. 127, 128, and Portsmouth Cotton Oil Ref. Corp. v. Madrid Cotton Oil Co., 195 Ala. 256, 261, 71 So. 111.

■ Counts 3 and 4, however, charge the offense in substantial statutory language and are impervious to the asserted demurrers. 12 Ala. Dig., Indictment and Information, ☞110(3); Gideon v. State, 28 Ala.App. 177, 181 So. 126; Harper v. State, 20 Ala.App. 324, 102 So. 55.

■ The insistence that these latter two counts are defective for failing to aver the fact that the property sold was not owned by the defendant or his employer is without merit. The provision creating this exemption or exception is in a separate clause of the statute and under the adjudicated cases it was unnecessary to negative by averment such proviso or exception. Dorgan v. State, 29 Ala.App. 362, 196 So. 160; Bell v. State, 104 Ala. 79, 15 So. 557; Carson v. State, 69 Ala. 235; Miller v. State, 16 Ala.App. 534, 79 So. 314; Bryan v. State, 18 Ala.App. 199, 89 So. 894; McLeod v. State, 8 Ala.App. 329, 62 So. 991; Clark v. State, 19 Ala. 552; Hyde v. State, 155 Ala. 133, 46 So. 489; Davis v. State, 39 Ala. 521.

■ Nor was it necessary to aver that the alleged acts were performed "for others". The allegation that the acts were performed "as a real estate salesman or a real estate broker" suffices because, as demonstrated hereinabove, these defined persons must, under the statute, be engaged in selling "for others."

■ We are also requested to consider the constitutionality, vel non, of the statute. The Supreme Court has already ruled in regard thereto (State v. Polakow's Realty Experts, 243 Ala. 441, 10 So.2d 461), so discussion by us is pretermitted (Code 1940, Title 13, Sec. 95).

The learned trial court adjudged appellant guilty under the agreed facts. Due to our contrary conclusion, the judgment is here reversed and the cause remanded.

Reversed and remanded.

### On Rehearing.

■ On consideration, it is our further conclusion that, under the prevailing rule, a judgment should here be rendered discharging the defendant, rather than remanding the cause. It is so ordered. State v. Southern Natural Gas Corp., 233 Ala. 81, 170 So. 178; Hoffman v. State, 25 Ala.App. 640, 146 So. 920.

Reversed and rendered.